951 P.2d 1272

**STUDENT LOAN FUND OF IDAHO, INC., Plaintiff–Counterdefendant–Appellant,**

v.

**Jeffrey W. DUERNER, Defendant–Counterclaimant–Respondent.**

No. 23262

Supreme Court of Idaho, Boise, September 1997 Term.

Dec. 30, 1997.

Rehearing Denied Feb. 25, 1998.

**48**

Marcus, Merrick & Montgomery, Meridian, for appellant. Wilbur T. Nelson argued.

Uranga, Uranga & Beiter, Boise, for respondent. Jean Uranga argued.

TROUT, Chief Justice.

This is an appeal from a jury verdict and judgment in favor of respondent Jeffrey W. Duerner in a debt collection suit. We affirm.

## I.

## BACKGROUND

Jeffrey W. Duerner (hereinafter "Duerner") obtained $4,000 in student loans between 1979 and 1982. The first two loans were from Idaho First National Bank, for a total of $1,500. The second two loans were from First Security Bank, for a total of $2,500. All four loans were guaranteed by the Student Loan Fund of Idaho, Inc. (hereinafter "S.L.F.I."). The Department of Education contracted with S.L.F.I., pursuant to the Higher Education Act, to guarantee loans made by lenders to qualified students. *See* 20 U.S.C. § 1072(a). The Department of Education agreed to reimburse S.L.F.I. for certain losses it suffered in acting as guarantor. *See* 20 U.S.C. § 1078(c)(1)(B).

In 1983, Duerner defaulted on the First Security loans. S.L.F.I. paid First Security the amount due under its guarantee and First Security transferred the loans to S.L.F.I. S.L.F.I. instituted collection proceedings against Duerner. Duerner claims that he paid S.L.F.I. $2,500 in 1984 to pay off these two loans. However, S.L.F.I. has no record of this payment and Duerner cannot produce the receipt of the money order used to pay the loans. Duerner defaulted on the Idaho First National loans in 1984. S.L.F.I. paid Idaho First National the amount due under its guarantee and Idaho First National transferred the loans to S.L.F.I.

In 1987, S.L.F.I. instituted suit against Duerner to collect the amount due under all four loans. Duerner contacted S.L.F.I. and requested the "payoff amount." Duerner sent a check to S.L.F.I. for $1,769.84, the amount S.L.F.I. stated was the "payoff amount." Duerner claimed that he believed this amount would pay off all of the loans because he had already sent the $2,500 check for the First Security loans. Duerner did not file an answer or appear in the litigation because he thought his payment resolved the issue. S.L.F.I. obtained a default judgment against Duerner for $6,572.53, an amount that did not take into account his payments thus far.

In 1990, Duerner contacted S.L.F.I. and was told that the entire debt could be paid off for $70.00. Duerner paid the $70.00 and received a letter from S.L.F.I. informing him that his obligation was paid in full. The letter contained the four promissory notes, stamped "paid in full." Later, S.L.F.I. claimed that Duerner never paid the $2,500 on the First Security loans. Rather, S.L.F.I. stated a computer error caused the promissory notes to be stamped "paid in full."

## II.

## PROCEDURAL HISTORY

The 1987 default judgment obtained by S.L.F.I. was set aside by the district court on

March 1, 1993. S.L.F.I. filed an amended complaint and obtained a second default judgment on April 8, 1993. Duerner filed an answer on April 13, 1993. Duerner later amended his answer to include a counterclaim alleging violations of the Fair Debt Collection Practices Act, violations of the Fair Credit Reporting Act, and defamation. The second default judgment was set aside by the district court on May 25, 1993. On January 29, 1996, S.L.F.I. filed a motion for judgment on the pleadings or for summary judgment as to Duerner's counterclaims. The district court denied both motions.

On May 24, 1996, after a trial to a jury, the jury returned a verdict denying recovery to S.L.F.I. on the student loan debt; denying recovery to Duerner on his claim under the Fair Credit Reporting Act; awarding actual damages of $2,118 to Duerner on his claim under the Fair Debt Collection Practices Act; awarding Duerner compensatory damages of $19,375 on his defamation claim; and awarding Duerner punitive damages of $101,250 on his defamation claim. On June 12, 1996, S.L.F.I. filed a motion for judgment notwithstanding the verdict and for new trial. The court denied S.L.F.I.'s motions. S.L.F.I. filed a notice of appeal and sought to stay execution of the judgment pending appeal. Pursuant to I.A.R. 13(b)(15), the district court required S.L.F.I. to post a bond which was calculated based on the amount of the entire judgment, including costs and attorney's fees.

On appeal, S.L.F.I. argues that the district court erred in: (1) denying S.L.F.I.'s motion for judgment on the pleadings or for summary judgment; (2) denying S.L.F.I.'s motion for directed verdict; (3) submitting the issue of punitive damages to the jury; (4) giving Jury Instruction No. 7, which instructed the jury on the effect of a creditor erroneously returning a promissory note to a debtor; (5) denying S.L.F.I.'s motion for judgment notwithstanding the verdict; (6) denying S.L.F.I.'s motion for new trial; and (7) calculating the required bond for staying execution of the judgment pending appeal. Also, both S.L.F.I. and Duerner seek attorney's fees on appeal.

### III.

### THE DISTRICT COURT DID NOT ERR IN DENYING S.L.F.I.'S MOTION FOR JUDGMENT ON THE PLEADINGS AND MOTION FOR SUMMARY JUDGMENT ON THE ISSUE OF THE APPLICABILITY OF THE FAIR DEBT COLLECTION PRACTICES ACT AND THE FAIR CREDIT REPORTING ACT TO S.L.F.I.

### A. Standard of Review

We review a trial court's ruling on a motion for judgment on the pleadings de novo. *Trimble v. Engelking*, 130 Idaho 300, 302, 939 P.2d 1379, 1381 (1997) (citing *Orthman v. Idaho Power Co.*, 126 Idaho 960, 962, 895 P.2d 561, 563 (1995)); *McGann v. Ernst & Young*, 102 F.3d 390, 392 (9th Cir.1996), *cert. denied*, —— U.S. ——, 117 S.Ct. 1460, 137 L.Ed.2d 564 (1997) (citations omitted). A judgment on the pleadings is properly granted when, taking all allegations in the pleading as true, the moving party is entitled to judgment as a matter of law. *Sterling v. Bloom*, 111 Idaho 211, 212, 723 P.2d 755, 756 (1986); *McGann*, 102 F.3d at 392 (citation omitted).

When reviewing a trial court's ruling on a summary judgment motion, we employ the same standard properly employed by the district court when originally ruling on the motion. *Lamb v. Manweiler*, 129 Idaho 269, 271–72, 923 P.2d 976, 978–79 (1996) (citing *Friel v. Boise City Hous. Auth.*, 126 Idaho 484, 485, 887 P.2d 29, 30 (1994)). Summary judgment is proper only when there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. *Id.* at 271, 923 P.2d at 978 (citing I.R.C.P. 56(c); *Mutual of Enumclaw v. Box*, 127 Idaho 851, 852, 908 P.2d 153, 154 (1995)). Also, the record must be liberally construed in favor of the party opposing the motion for summary judgment, drawing all reasonable inferences and conclusions supported by the record in favor of that party. *Id.* at 272, 923 P.2d at 979 (citing *City of Chubbuck v. City of Pocatello*, 127 Idaho 198, 200, 899 P.2d 411, 413 (1995)).

## B. Fair Debt Collection Practices Act

■ S.L.F.I. claims the district court erred in ruling that the Fair Debt Collection Practices Act (hereinafter "F.D.C.P.A.") applies to S.L.F.I. S.L.F.I. asserts it is not subject to the F.D.C.P.A. because it is not a "debt collector" within the meaning of the F.D.C.P.A. A "debt collector" is defined as

> any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another. . . .
>
> . . . .
>
> The term does not include . . . any person collecting or attempting to collect any debt owed or due or asserted to be owed or due another to the extent such activity (i) is incidental to a bona fide fiduciary obligation or a bona fide escrow arrangement; (ii) concerns a debt which was originated by such person; (iii) concerns a debt which was not in default at the time it was obtained by such person; or (iv) concerns a debt obtained by such person as a secured party in a commercial credit transaction involving the creditor.

15 U.S.C. § 1692a(6)(F).

We examine only that portion of 15 U.S.C. § 1692a(6) which defines a "debt collector" as one who regularly collects debts owed to another, as it is dispositive of this issue. This section excludes from the definition of "debt collector" entities seeking to collect a debt which they originated. *See* 15 U.S.C. § 1692a(6)(F)(ii). Also, this section excludes entities seeking to collect debts which were not in default when they were obtained by such entities. *See* 15 U.S.C. § 1692a(6)(F)(iii). Thus, by definition, "debt collector" must include entities seeking to collect a debt which originated with another entity, and which was obtained by the entity now seeking to collect on the debt after the debt was in default.

In this case, the record supports the district court's finding that S.L.F.I. regularly collects debts owed to another. First, S.L.F.I. did not originate Duerner's loans. Rather, the loans were originated by Idaho First National Bank and First Security Bank. Second, S.L.F.I. did not obtain possession of Duerner's loans until after Duerner had defaulted on those loans. Third, an S.L.F.I. employee testified that S.L.F.I. regularly obtains defaulted loans from other entities and attempts to collect these loans. Therefore, S.L.F.I. is a "debt collector" for the purpose of the F.D.C.P.A. because S.L.F.I. regularly collects debts owed to another.

■ S.L.F.I. argues that even if it regularly collects debts owed to another, it is excepted from the definition of a "debt collector" under 15 U.S.C. § 1692a(6)(C). The F.D.C.P.A. excepts from the definition of a debt collector "any officer or employee of the United States or any State to the extent that collecting or attempting to collect any debt is in the performance of his official duties." 15 U.S.C. § 1692a(6)(C). S.L.F.I. did not become a government employee by virtue of its contract with a governmental agency, the Department of Education. We find that the exception for government employees does not apply to S.L.F.I.

We hold that the district court did not err in denying S.L.F.I.'s motion for judgment on the pleadings because the pleadings stated a cause of action. Also, the district court did not err in denying S.L.F.I.'s motion for summary judgment because disputed issues of fact remained regarding S.L.F.I.'s debt collection practices.

## C. Fair Credit Reporting Act

S.L.F.I. claims the district court erred in ruling that the Fair Credit Reporting Act (hereinafter "F.C.R.A.") applies to S.L.F.I. We will not consider this issue on appeal, nor any of the other issues asserted by S.L.F.I. related to the F.C.R.A., because the jury did not find any violations of the F.C.R.A. or award any damages under the F.C.R.A. Therefore, error, if any, by the district court is harmless. *See generally McLean v. City*

*of Spirit Lake*, 91 Idaho 779, 785, 430 P.2d 670, 676 (1967).

## IV.

## THE DISTRICT COURT DID NOT ERR IN DENYING S.L.F.I.'S MOTION FOR DIRECTED VERDICT.

### A. Standard of Review

 "A directed verdict is proper only where the evidence is so clear that all reasonable minds could reach only one conclusion: that the moving party should prevail." *Lawton v. City of Pocatello*, 126 Idaho 454, 458, 886 P.2d 330, 334 (1994). In ruling on a motion for directed verdict, the court must view the evidence in the light most favorable to the non-moving party. *Id.* If the non-moving party produces sufficient evidence from which reasonable minds could find in its favor, then the motion for directed verdict should be denied. *Id.* (citation omitted).

 On appeal, the standard of review is the same as the standard used by the trial court in passing upon the original motion. *Id.* Further, when reviewing this after the case has been submitted to the jury, we review the full record, rather than the evidence presented only during the plaintiff's case. *Beco Constr. Co., Inc. v. Harper Contracting, Inc.*, 130 Idaho 4, 8, 936 P.2d 202, 206 (Ct.App.1997).

### B. Fair Debt Collection Practices Act

 S.L.F.I. contends the district court erred in submitting Duerner's counterclaim for violations of the F.D.C.P.A. to the jury. However, at trial, Duerner presented sufficient evidence of numerous violations of the F.D.C.P.A. to justify submitting the F.D.C.P.A. claim to the jury, and to support the jury's ultimate verdict.

First, Duerner presented sufficient evidence that S.L.F.I. made false representations with respect to the debt owed by Duerner. *See* 15 U.S.C. § 1692e. On numerous occasions, S.L.F.I. reported to credit reporting agencies inaccurate amounts owed by Duerner. Also, S.L.F.I. reported Duerner's account as a collection account after it had told Duerner that his account was paid in full. Second, Duerner presented sufficient evidence that S.L.F.I. communicated with Duerner when he was represented by counsel. *See* 15 U.S.C. § 1692b(6); 15 U.S.C. § 1692c(a)(2). S.L.F.I. was aware that Duerner was represented by counsel, yet it sent notices to Duerner stating that his tax refund would be offset against the debt owed to S.L.F.I.

Third, Duerner presented sufficient evidence that S.L.F.I. failed to validate Duerner's debt when requested by Duerner to do so. *See* 15 U.S.C. § 1692g. S.L.F.I. failed to validate Duerner's debt when he filed two credit disputes in 1988 and 1990, and when he presented proof to S.L.F.I. that his account had not been credited for payments he had made.

Fourth, Duerner presented sufficient evidence that S.L.F.I. filed suit against Duerner in an improper venue. *See* 15 U.S.C. § 1692i. S.L.F.I. sued Duerner in Payette County even though Duerner resided in Ada County. Also, Duerner presented evidence that S.L.F.I. sues every student debtor in Payette County, regardless of where they reside.

Fifth, Duerner presented sufficient evidence that S.L.F.I. engaged in unconscionable conduct in the collection of Duerner's debt. *See* 15 U.S.C. § 1692f. S.L.F.I. told Duerner that he was taken off the tax offset program, when in fact he was still subject to the program; as a result, Duerner filed his tax return and lost his tax refund. Also, S.L.F.I. reported to credit reporting agencies that notes paid by Duerner were unpaid.

We hold that the district court did not err in denying S.L.F.I.'s motion for directed verdict with respect to Duerner's counterclaim for violations of the F.D.C.P.A.

### C. Defamation

 S.L.F.I. contends the district court erred in submitting Duerner's counterclaim for defamation to the jury. In Jury Instruc-

tion No. 20, the district court stated that Duerner would have to prove the following in order to succeed on the defamation claim:

1. That the plaintiff published or communicated to credit reporting agencies a statement or statements about the defendant;

2. That the statements were false in a material respect;

3. That the plaintiff knew of the falsity of the statements, or acted with a reckless disregard for their truth;

4. That the statements reflected adversely upon the defendant's character, integrity, good name and standing in the community in that the statements impugned his credit worthiness;

5. That the defamatory statements caused damage to the defendant; and

6. The nature and extent of the damages, and the dollar amounts thereof.

At trial, Duerner presented sufficient evidence of false and reckless representations by S.L.F.I. to credit reporting agencies, and damages incurred by Duerner as a result of those representations, to justify submitting the defamation claim to the jury. First, S.L.F.I. provided inaccurate information to credit reporting agencies regarding Duerner's debt, even after Duerner provided S.L.F.I. with evidence of his payments on the debts. Second, S.L.F.I. knew Duerner's accounts were paid in full when it obtained a judgment against Duerner for the amount of the debt. Third, with knowledge that Duerner's accounts were paid in full, S.L.F.I. added both of the accounts and the judgment back onto Duerner's credit report. These false credit reports resulted in Duerner being unable to refinance his home or buy a new home. We hold that the district court did not err in denying S.L.F.I.'s motion for directed verdict with respect to Duerner's counterclaim for defamation.

## V.

## THE DISTRICT COURT DID NOT ABUSE ITS DISCRETION IN SUBMITTING THE ISSUE OF PUNITIVE DAMAGES TO THE JURY.

S.L.F.I. contends that the district court abused its discretion in submitting the issue

of punitive damages to the jury with respect to the F.D.C.P.A. claim, the F.C.R.A. claim, and the defamation claim. Because the jury did not award any punitive damages under either the F.D.C.P.A. or the F.C.R.A., error, if any, by the district court is harmless. *See McLean v. City of Spirit Lake*, 91 Idaho 779, 785, 430 P.2d 670, 676 (1967). Therefore, we will consider on appeal only the submission of the issue of punitive damages with respect to the defamation claim.

### A. Standard of Review

The trial court has discretion in deciding whether to submit the issue of punitive damages to the jury. *Soria v. Sierra Pac. Airlines, Inc.*, 111 Idaho 594, 611, 726 P.2d 706, 723 (1986) (citing *Cheney v. Palos Verdes Inv. Corp.*, 104 Idaho 897, 904–05, 665 P.2d 661, 669 (1983)). When reviewing the trial court's decision to submit the issue of punitive damages, we focus on the sufficiency of the evidence. *Hoglan v. First Sec. Bank of Idaho, N.A.*, 120 Idaho 682, 687, 819 P.2d 100, 105 (1991). The Court in *Hoglan* stated:

An award of punitive damages will be sustained on appeal only when it is shown that the defendant acted in a manner that was "an extreme deviation from reasonable standards of conduct, and that the act was performed by the defendant with an understanding of or disregard for its likely consequences." The justification for punitive damages must be that the defendant acted with an extremely harmful state of mind, whether that state be termed "malice, oppression, fraud or gross negligence;" "malice, oppression, fraud, wantonness;" or simply "deliberate or willful."

*Id.* (quoting *Cheney v. Palos Verdes Inv. Corp.*, 104 Idaho 897, 905, 665 P.2d 661, 669 (1983)). On appeal, we will not disturb the trial court's decision unless there was an abuse of discretion, which has been interpreted within the punitive damages context to mean whether there was substantial evidence to support submission of the issue to the jury. *Spence v. Howell*, 126 Idaho 763, 772, 890 P.2d 714, 723 (1995) (citing *Garnett v.*

*Transamerica Ins. Servs.*, 118 Idaho 769, 781, 800 P.2d 656, 668 (1990)).

## B. Defamation

 S.L.F.I. asserts that the district court should not have submitted the issue of punitive damages to the jury on the defamation claim for three reasons. First, S.L.F.I. contends there was insufficient evidence to justify awarding punitive damages against S.L.F.I. as a corporate entity. S.L.F.I. asserts that all of the errors committed by S.L.F.I. were committed by individual employees, and that is not a sufficient basis upon which to award punitive damages against a corporation. We find that there is sufficient evidence in the record from which the jury could find that S.L.F.I., as a corporation, acted in a way which constituted an extreme deviation from reasonable conduct. A corporation is liable for punitive damages based upon the acts of its agents if the directors and managing officers participated in, or authorized or ratified, the agents' acts. *See Manning v. Twin Falls Clinic & Hosp.*, 122 Idaho 47, 54, 830 P.2d 1185, 1192 (1992) (citations omitted); *Openshaw v. Oregon Auto. Ins. Co.*, 94 Idaho 335, 338, 487 P.2d 929, 931 (1971) (citations omitted). S.L.F.I.'s Deputy Director, Administrative Manager, and Default Collections Supervisor made false representations regarding Duerner's debt, and acknowledged and supported their employees in making false representations regarding Duerner's debt. Therefore, the record provides sufficient evidence to justify the jury's awarding punitive damages against S.L.F.I.

Second, S.L.F.I. claims there was insufficient evidence from which the jury could calculate S.L.F.I.'s net worth. However, Duerner entered into evidence S.L.F.I.'s audited financial statement and quarterly/annual report. Both of these documents provided sufficient information from which the jury could calculate S.L.F.I.'s net worth.

Third, S.L.F.I. argues that the district court erred in admitting evidence other than S.L.F.I.'s net worth for consideration by the jury in awarding punitive damages. S.L.F.I. did not object on this basis in the district court. This Court will not consider an issue raised for the first time on appeal. *Smith v. Meridian Joint Sch. Dist. No. 2*, 128 Idaho 714, 720, 918 P.2d 583, 589 (1996) (citing *Viveros v. Department of Health & Welfare*, 126 Idaho 714, 716, 889 P.2d 1104, 1106 (1995)). Therefore, we will not determine whether the district court erred in admitting evidence other than S.L.F.I.'s net worth for consideration by the jury in awarding punitive damages.

We hold that the district court did not abuse its discretion in submitting the issue of punitive damages to the jury with respect to the defamation claim.

## VI.

## THE DISTRICT COURT DID NOT ERR IN GIVING JURY INSTRUCTION NO. 7, WHICH INSTRUCTED THE JURY ON THE EFFECT OF A CREDITOR ERRONEOUSLY RETURNING A PROMISSORY NOTE TO A DEBTOR.

 S.L.F.I. contends that the district court erred in giving Jury Instruction No. 7, which instructed the jury on the effect of a creditor erroneously returning a promissory note to a debtor. The instruction read:

There is no dispute that the plaintiff Student Loan Fund of Idaho told the defendant Jeffrey Duerner in writing that all of his notes had been paid, and returned to him the original of each of the notes clearly marked "Paid in full." These actions constitute a release of all claims against the defendant in this case, whether the notes were actually paid or not, unless the plaintiff proves that its actions in returning the notes was a mistake.

In order to be relieved of the consequences of a voluntary release upon the grounds of mistake, the plaintiff Student Loan Fund of Idaho has the burden of proof to establish the existence of a material mistake that goes to the heart of the action. It must be an excusable mistake—also referred to as an honest mistake—which means that it was made despite the existence of reasonable precautions being taken and reasonable attention being devoted to avoid such errors. The mistake must be

**54**

a matter that would justify one from concluding that if the mistake had not been made, no reasonable person would have taken the action that was taken in this case, and that, as a reasonable person, the party making the mistake should be excused.

You will be asked the following question on the jury verdict form: Is the plaintiff relieved from the consequences of the release of obligations it delivered to the defendant by reason of a mistake? You must answer this question "no" unless you find that the plaintiff has proved that its actions were the consequences of a mistake as defined in this instruction.

S.L.F.I. argues that the jury instruction erroneously placed both the burden of proof and the burden of going forward on S.L.F.I. On appeal, we review jury instructions as a whole to determine whether they "fairly and adequately present the issues and state the applicable law." *Lawton v. City of Pocatello*, 126 Idaho 454, 462, 886 P.2d 330, 338 (1994). If an instruction misleads the jury or prejudices one of the parties, reversible error occurs. *Id.*

██ Jury Instruction No. 7 instructs the jury on the meaning of I.C. § 28-3-604. I.C. § 28-3-604 permits a creditor to discharge a debtor's obligation through an intentional voluntary act, such as surrendering the instrument to the debtor. If an instrument has been returned by a creditor to the debtor, the creditor can present evidence that the surrender of the instrument was not an intentional voluntary act and, therefore, the obligation is not discharged. The creditor, here S.L.F.I., bears the burden of establishing a mistake in the return of the instrument to the debtor. Jury Instruction No. 7 correctly reflects this principle of law. We hold that the district court did not err in giving Jury Instruction No. 7.

## VII.

**THE DISTRICT COURT DID NOT ERR IN DENYING S.L.F.I.'S MOTION FOR JUDGMENT NOTWITHSTANDING THE VERDICT AND MOTION FOR NEW TRIAL.**

██ S.L.F.I. contends that the district court erred in denying its motion for judgment notwithstanding the verdict and motion for new trial. This Court does not assume error on appeal; rather, the party assigning error must affirmatively show it. *Jones v. Jones*, 117 Idaho 621, 625, 790 P.2d 914, 918 (1990) (citing *Weaver v. Sibbett*, 87 Idaho 387, 392-93, 393 P.2d 601, 604 (1964)). The appellant has the responsibility to include exhibits and transcripts of hearings in the record before the appellate court. *Id.* (citing *Dawson v. Eldredge*, 89 Idaho 402, 405 P.2d 754 (1965)). When the record on appeal does not contain the evidence taken into account by the district court, "we must necessarily presume that the evidence justifies the decision and that the findings are supported by substantial evidence." *Id.* (quoting *Nash v. Hope Silver-Lead Mines*, 79 Idaho 137, 142, 314 P.2d 681, 683 (1957)).

In this case, the district court's order denying S.L.F.I.'s motion for judgment notwithstanding the verdict and motion for new trial refers to the court's oral findings and ruling as the basis for its decision. However, S.L.F.I. has failed to include the transcript of the hearing on those motions in the record on appeal. Furthermore, S.L.F.I. does not indicate, either in its original motion for new trial or in its appeal of the court's denial of this motion, the applicable provisions of I.R.C.P. 59(a) upon which it is relying. Because S.L.F.I. has failed to provide this Court with an adequate record of the district court's proceedings concerning its motion for judgment notwithstanding the verdict and motion for new trial, we will presume that the findings of the district court justified the court's denial of S.L.F.I.'s motions.

## VIII.

**THE DISTRICT COURT DID NOT ERR IN CONSIDERING THE AMOUNT OF THE ENTIRE JUDGMENT, INCLUDING COSTS AND ATTORNEY'S FEES, IN CALCULATING THE REQUIRED BOND FOR STAYING EXECUTION OF THE JUDGMENT PENDING APPEAL.**

██ Pursuant to I.A.R. 13(b)(15), the district court will stay execution of a judg-

ment pending appeal upon the posting of a bond "in the amount of the judgment or order, plus 36% of such amount." The only issue on appeal is whether I.A.R. 13(b)(15) requires costs and attorney's fees to be included in the "amount of the judgment" for the purpose of determining the required bond. S.L.F.I. contends that the "amount of the judgment" refers only to the substantive judgment, and does not include any costs or attorney's fees awarded by the district court. Duerner contends that the "amount of the judgment" refers to all money judgments and orders, including those relating to costs and attorney's fees. On issues of law, we exercise free review. *Hummer v. Evans,* 129 Idaho 274, 279, 923 P.2d 981, 986 (1996) (citing *Ausman v. State,* 124 Idaho 839, 841, 864 P.2d 1126, 1128 (1993)).

In calculating the required bond for staying execution of a judgment pending appeal, the trial court should look to the amount of the judgment as of the time the notice of appeal was filed because that is the time at which the bond is set. Here, the judgment as of the time S.L.F.I. filed its notice of appeal included an award of costs and attorney's fees. Therefore, the district court properly required S.L.F.I. to post a bond for 136% of the entire judgment, including costs and attorney's fees.

## IX.

### S.L.F.I. IS NOT ENTITLED TO AN AWARD OF ATTORNEY'S FEES ON APPEAL.

Because we affirmed the district court's rulings with respect to the issues on appeal, S.L.F.I. is not entitled to an award of attorney's fees on appeal.

## X.

### DUERNER IS ENTITLED TO AN AWARD OF ATTORNEY'S FEES ON APPEAL ONLY WITH RESPECT TO THE FAIR DEBT COLLECTION PRACTICES ACT CLAIM.

Duerner argues that he is entitled to attorney's fees on appeal pursuant to I.C.

§ 12–120(3) and 15 U.S.C. § 1692k(a)(3). I.C. § 12–120(3) permits the recovery of attorney's fees by the prevailing party in a civil action to recover on a note. However, there are no issues on appeal related to S.L.F.I.'s action to recover on the promissory notes. The only issues on appeal relate to Duerner's counterclaims for violations of the Fair Debt Collection Practices Act and the tort of defamation. As a result, Duerner is not entitled to attorney's fees under I.C. § 12–120(3).

Because Duerner was the prevailing party on appeal with respect to his counterclaim for violations of the Fair Debt Collection Practices Act, he may recover attorney's fees attributable to this counterclaim under 15 U.S.C. § 1692k(a)(3). However, the remainder of the appeal relates to issues surrounding the tort of defamation. Because attorney's fees are not awarded for actions in tort, we will not award Duerner any attorney's fees attributable to the defamation counterclaim.

## XI.

### CONCLUSION

First, we affirm the district court's denial of S.L.F.I.'s motions. Second, we hold that the district court did not err in submitting the issue of punitive damages to the jury, in giving Jury Instruction No. 7, or in calculating the amount of the bond required for staying execution of the judgment pending appeal. Third, we award Duerner attorney's fees only with respect to issues presented on appeal relating to the Fair Debt Collection Practices Act, and we award costs on appeal to Duerner.

JOHNSON, SILAK, SCHROEDER and WALTERS, JJ., concur.