## IN THE SUPREME COURT OF THE STATE OF IDAHO
### Docket No. 32089

STEVE FRITTS and PAULA FRITTS, husband and wife,

    Plaintiffs-Appellants,

v.

LIDDLE & MOELLER CONSTRUCTION, INC., an Oregon corporation, and MARK "VIRGIL" LIDDLE and RICK MOELLER, individually and as corporate officers of said defendant corporation,

    Defendants-Respondents.

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

2007 Opinion No. 51

Boise, January 2007 Term

Filed:  March 28, 2007

Stephen W. Kenyon, Clerk

Appeal from the District Court of the Third Judicial District of the State of Idaho, Payette County.  Hon. Stephen W. Drescher, District Judge.

The decisions of the district court regarding a motion for new trial and awarding attorney fees are:  affirmed.

Randolph E. Farber, Nampa, for appellants.

Emil R. Berg, Boise, and Yturri Rose, LLP, Fruitland, for respondents.  Emil R. Berg argued.

---

TROUT, Justice

Homeowners Steve and Paula Fritts (collectively, the Frittses) appeal from the district court's denial of relief against Liddle & Moeller Construction, Mark "Virgil" Liddle, and Rick Moeller (collectively, Liddle & Moeller) and from the award of attorney fees to Liddle & Moeller.

## I.
### FACTUAL AND PROCEDURAL BACKGROUND

The Frittses engaged Liddle & Moeller to serve as a general contractor in the construction of their custom built home.  As a result of disputes arising during construction, the Frittses filed suit against Liddle & Moeller for damages and removal of a lien, alleging twenty-five causes of action based on allegations of breach of contract, unjust enrichment, negligence, violation of the

Idaho Consumer Protection Act, and conversion. Liddle & Moeller counterclaimed for damages and sought attorney fees.

The matter proceeded to a court trial. No transcript of the proceedings was requested or prepared on appeal and it is therefore impossible to determine what evidence was presented regarding the parties' agreement or actions beyond what is recited in the district court's Findings of Fact and Conclusions of Law (Findings). What is provided to us is an estimate prepared by defendants Liddle & Moeller. The document is unsigned and simply indicates Liddle & Moeller's estimate of some of the costs associated with building a house for the Frittses. In its Findings, the district court concluded that "Exhibit 1 [the estimate] did not constitute a complete meeting of the minds between the parties and material terms were omitted." Nevertheless, the trial court apparently recognized that some agreement between the parties existed, and that some work was done in furtherance of that agreement. Rick Moeller and Steve Fritts are brothers-in-law, and the district court noted this in concluding that their business relationship was informal and was not at arm's length. The district court ultimately concluded that both parties had received what they were entitled to as a result of their agreement: Liddle & Moeller had received "fair value" for the work performed and material provided, and the Frittses had received "fair value" for the construction completed on their home. The court denied relief to both parties, but found that Liddle & Moeller was the prevailing party in a commercial transaction and was therefore entitled to attorney fees.

Within fourteen days of the district court's decision, the Frittses moved for a new trial on July 29, 2004. The Frittses alleged error in the Findings made by the district court and in the court's failure to address the Frittses' consumer protection claim. Thereafter, on August 2, 2004, the district judge entered a judgment in accordance with his earlier decision. Within fourteen days of entry of judgment, the Frittses filed a revised motion for a new trial. Neither the motion for new trial nor the amended motion for new trial was noticed up for hearing. Liddle & Moeller filed a memorandum of costs and fees, to which the Frittses objected, and on November 9, 2004, the district court entered an order determining an amount for attorney fees. "Considering the relative claims of the parties, the Defendants prevailed," concluded the court. Following the court's order on attorney fees, the court entered a supplemental judgment on November 16, 2004.

Two months later, on January 12, 2005, the Frittses moved to amend their motion for a new trial, or in the alternative, to alter or amend the judgment. The district court denied the motion, finding in a February 14, 2005, order that the Frittses' motion was not timely made. The Frittses again moved for a new trial, or in the alternative to amend judgment, on March 8, 2005. The district court heard arguments on this motion on May 20, 2005, and denied the Frittses' motion on June 1, 2005. Subsequently, the Frittses filed an appeal.

## II.
## STANDARD OF REVIEW

This Court reviews the decision to grant or deny a motion for a new trial under an abuse of discretion standard. *Gunter v. Murphy's Lounge, LLC*, 141 Idaho 16, 30, 105 P.3d 676, 690 (2005), citing *Warren v. Sharp*, 139 Idaho 599, 603, 83 P.3d 773, 777 (2003). In reviewing a district court's denial of a motion for new trial, this Court does not assume error on appeal; rather, the party assigning error must affirmatively show it. *Student Loan Fund of Idaho, Inc. v. Duerner*, 131 Idaho 45, 54, 951 P.2d 1272, 1281 (1997). The appellant has the responsibility to include exhibits and transcripts of hearings in the record before the appellate court. *Id.* "When the record on appeal does not contain the evidence taken into account by the district court, this Court must necessarily presume that the evidence justifies the decision and that the findings are supported by substantial evidence." *Id.*

Idaho Code section 12-120(3) mandates an award of fees to the prevailing party in a suit involving a commercial transaction. *Hayden Lake Fire Protection Dist. v. Alcorn*, 141 Idaho 307, 313, 109 P.3d 161, 167. Whether a district court has correctly determined that a case is based on a "commercial transaction" for the purpose of I.C. § 12-120(3) is a question of law. *Great Plains Equipment, Inc. v. Northwest Pipeline Corp.*, 136 Idaho 466, 470, 36 P.3d 218, 222 (2001). This Court exercises free review over questions of law. *Id.*

"The award of costs as a matter of right and discretionary costs is subject to the trial court's discretion." *Id.* at 474, 36 P.3d at 226, citing I.R.C.P. 54(d)(1)(C,D); *Perkins v. U.S. Transformer West*, 132 Idaho 427, 431, 974 P.2d 73, 77 (1999). The party opposing the award of costs bears the burden of demonstrating an abuse of the trial court's discretion. *Great Plains Equipment, Inc.*, 136 Idaho at 474, 36 P.3d at 226.

3

## III.

## DISCUSSION

**A.      Motion for new trial**

**1. Motion to amend motion for a new trial**

We first address the Frittses' claim of error in the district court's denial of their January 12, 2005, motion to amend their motion for a new trial, or in the alternative to amend the judgment.  In denying the Frittses' January 12, 2005, motion to amend their motion for a new trial, the district court reasoned that the Frittses' delay of almost two months in filing their motion to amend their motion was inappropriate under the rules.

We conclude that the district court was correct in finding the motion to amend untimely. Idaho Rule of Civil Procedure 59 provides for the filing of a motion for a new trial within fourteen days.  I.R.C.P. 59 (b)-(e).  This very limited time period encourages parties to act promptly in raising issues they wish the trial court to address with respect to a new trial.  While the rules do not speak to a motion to amend the motion for a new trial, they clearly do speak to the time frame within which motions for a new trial, in whatever form, must be filed.  The Frittses motion to amend was filed some five months after the original entry of judgment and the original and revised motions on which it was predicated.  To allow a party to file a motion for a new trial within fourteen days of judgment and thereafter amend the motion at will in order to raise other issues would circumvent the time limitations set forth by Rule 59.  Such a practice would violate the purpose and intent of the rule.  The Frittses' motion to amend was not timely, and the district court was correct in denying the motion.

**2. Motion for a new trial**

As to the Frittses' original motion for a new trial, we have no basis on which to determine whether the district court was correct in denying the Frittses' motion for a new trial.    In their motion, the Frittses challenged the district court's Findings.  There is no transcript of the trial and we are therefore unable to review the factual findings made by the district court and the evidentiary basis for those findings.  In the absence of a proper record on appeal, we must assume there is substantial competent evidence to support the trial court's decision. *See Student Loan Fund of Idaho, Inc. v. Duerner,* 131 Idaho 45, 951 P.2d 1272 (1997).

The Frittses also allege that the district court erred as a matter of law by relying upon a theory, "fair value," not pled by either party and that the district court erred in declining to find a

4

contract when both parties had alleged a contract existed. A close reading of the Findings indicates the trial court concluded that the parties failed to reach a specific agreement as to some terms and that "Exhibit 1" (the estimate) was not the parties' agreement, rather than finding no contractual agreement was reached at all. In using the phrase "fair value," the district judge simply recognized each party was entitled to receive that for which they had bargained. Under the district court's analysis, both parties received the benefit to which they were entitled and neither was entitled to further compensation.

**B.     Award of costs and fees to Liddle & Moeller**

**1. Proper statutory pleadings**

The Frittses argue the trial court erred in awarding attorney fees to Liddle & Moeller because Liddle & Moeller did not adequately plead the applicable statutes. The trial court awarded fees pursuant to I.C. § 12-120(3), which reads:

> (3) In any civil action to recover on an open account, account stated, note, bill, negotiable instrument, guaranty, or contract relating to the purchase or sale of goods, wares, merchandise, or services and in any commercial transaction unless otherwise provided by law, the prevailing party shall be allowed a reasonable attorney's fee to be set by the court, to be taxed and collected as costs.
>
> The term "commercial transaction" is defined to mean all transactions except transactions for personal or household purposes. The term "party" is defined to mean any person, partnership, corporation, association, private organization, the state of Idaho or political subdivision thereof.

I.C. § 12-120(3).   .

Liddle & Moeller, in their answer and counterclaim, as well as the Frittses themselves, both clearly allege that I.C. § 12-120 applies. In *Lexington Heights Development, LLC v. Crandlemire*, 140 Idaho 276, 287, 92 P.3d 526, 537 (2004) we noted that "[w]here a party alleges the existence of a contract that would be a commercial transaction under Idaho Code § 12-120(3), that claim triggers the application of the statute and the prevailing party may recover attorney fees even if no liability under the contract is established." *Id.* at 287, 92 P.3d 537, citing *Miller v. St. Alphonsus Reg'l Med. Ctr., Inc.*, 139 Idaho 825, 87 P.3d 934 (2004); *Magic Lantern Prods., Inc. v. Dolsot*, 126 Idaho 805, 892 P.2d 480 (1995).

While our previous decisions have required prevailing parties to state in pleadings the specific code section on which they rely for their fee award, we have since found such a requirement "at odds with Idaho R. Civ. P. 54(e)(4) which states, 'It shall not be necessary for

any party in a civil action to assert a claim for attorney fees in any pleading….'" 141 Idaho at 720, 117 P.3d at 134; I. R.C. P. 54(e)(4). *Eighteen Mile Ranch, LLC v. Nord Excavating & Paving, Inc.,* 141 Idaho 716, 117 P.3d 130 (2005). In *Eighteen Mile Ranch*, the Court acknowledged that a party must claim attorney fees, but emphasized that "a party need not have listed a specific attorney fee provision in its pleading in order to obtain a fee award under that provision upon prevailing in the litigation." *Id.* at 721, 117 P.3d at 135. Here, both parties alleged the applicability of I.C. § 12-120, and the district court concluded this was a commercial transaction for which fees should be awarded. Further, the district court determined that Liddle & Moeller prevailed in the action. The parties adequately raised the issue of attorney fees awardable under I.C. § 12-120.

### 2. Finding of commercial transaction

The district court concluded that "the Defendants are the prevailing party in a commercial transaction." The Frittses contend the judge erred in this conclusion because Liddle & Moeller never pled nor asserted that the case involved a commercial transaction, because the claim involved numerous theories of tort and statutory liability under the Consumer Protection Act, and because a commercial transaction was not the gravamen of the case. There is no question, however, that the Frittses' complaint alleged breach of a construction contract for a home, which may be a commercial transaction. *See Ervin Const. Co. v. Van Order,* 125 Idaho 695, 874 P.2d 506 (1994). Without an adequate record, we have no ability to determine what evidence was presented and we must assume it would support the district court's conclusion that this case involved a commercial transaction.

### 3. Award of costs for an accounting

As part of its total award of costs and fees to Liddle & Moeller, the district court included the request for $1,834.25 in fees for expert witness Norm Kolb. The Frittses argue they should not have been made to pay Norm Kolb's fee because his work amounted to compiling accounting records, which they argue Liddle & Moeller should have maintained as the Frittses' agent. There is simply no basis in the record – which, we again stress, includes no transcript – for concluding the district court erred on this point. Idaho Rule of Civil Procedure 54 provides that costs shall be allowed to the prevailing party as a matter of right, including "[r]easonable expert witness fees for an expert who testifies at a deposition or at a trial of an action not to

6

exceed the sum of $2,000 for each expert witness for all appearances." I.R.C.P. 54(d)(1)(C)(8).
No error has been demonstrated in the district court's award of expert witness fees.

**C.      Idaho Consumer Protection Act**

The Frittses argue the trial court erred in failing to make findings on their Idaho Consumer Protection Act claims. The trial court made no reference to the Idaho Consumer Protection Act in finding that this case involved a commercial transaction and in denying the Frittses relief. Though the Frittses raised this issue in their motion for a new trial and on appeal, they have given this Court no basis on which to determine what evidence was presented on their claim. If no evidence was presented to the district court on the consumer protection claims, the district court did not err in not making findings on the matter. We decline to address this further in the absence of a proper record.

**D.      Attorney fees on appeal**

We conclude that Liddle & Moeller is the prevailing party on appeal. As such, the Frittses' request for attorney fees on appeal is denied. Liddle & Moeller seek attorney fees under I.A.R. 41 and I.C. §§ 12-120(3) and 12-121.

Given the particular circumstances of this appeal, we conclude that Liddle & Moeller is entitled to attorney fees under Idaho Appellate Rule 11.1. Idaho Appellate Rule 11.1 provides, in part:

> The signature of an attorney or party constitutes a certificate that the attorney or party has read the notice of appeal, petition, motion, brief or other document; that to the best of the signer's knowledge, information, and belief after reasonable inquiry it is well grounded in fact and is warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law, and that it is not interposed for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation. If the notice of appeal, petition, motion, brief, or other document is signed in violation of this rule, the court, upon motion or upon its own initiative, shall impose upon the person who signed it, a represented party, or both, an appropriate sanction, which may include an order to pay to the other party or parties the amount of the reasonable expenses incurred because of the filing of the notice of appeal, petition, motion, brief or other document including a reasonable attorney's fee.

I.A.R. 11.1.

"[A] violation of this rule requires the signed notice of appeal, petition, motion, brief or other document to (1) not be well grounded in fact (2) not be warranted by existing law or not be a good faith argument for the extension, modification, or reversal of existing law and (3) to be interposed for an improper purpose." *Neihart v. Universal Joint Auto Parts, Inc.*, 141 Idaho 801,

803, 118 P.3d 133, 135 (2005), citing *Painter v. Potlatch Corp.*, 138 Idaho 309, 315, 63 P.3d 435, 441 (2003).  In this case, the Court was unable to review the Frittses' fact-dependent claims because they failed to provide this Court with an adequate record.  Though the absence of a record undermined the entirety of this appeal, nowhere was the problem more glaring than in the Frittses' failure to provide a transcript in conjunction with their request for a new trial.  Without a record, we must conclude the evidence supported the district court's decisions.  Accordingly, we conclude the Frittses' appeal is not well grounded in fact under the first element of I.A.R. 11.1.  Because the Frittses bore the burden of demonstrating error by the trial court, their request for this Court to act in the absence of evidence to support their claims was unwarranted under the second element of I.A.R. 11.1.

The final element of violation of I.A.R. 11.1 requires that claims be brought for an improper purpose.  "Although an attorney's purpose in filing an appeal may not always appear clear from the record, this Court can infer intent and purpose from the attorney's actions and the surrounding circumstances."  *Neihart*, 141 Idaho at 803, 118 P.3d at 135.  In *Neihart*, the Court found improper purpose where an attorney submitted to the Court the improper standard of review, failed to respond to the opposing party's identification of this error, and failed to appear at oral argument.  *See id.*  Here, the Frittses asserted, without citation, that "The standard of review for a trial court, when its [sic] sitting as a finder of fact is one of substantial evidence," that "Appellant [sic] Courts exercise a right of free review when determining issues of law," and that "As to some motions, there exists an abuse of discretion standard."  Despite the Frittses' approximate recognition that an essential element of their appeal required this Court's evaluation of whether the trial court's findings were based on substantial and competent evidence, the Frittses failed to supply the necessary record.  The Frittses' appeal amounts to a delay of the inevitable and this Court is left with no alternative but to affirm the district court.  By failing to supply this Court with a trial transcript and adequate record, the Frittses' attorney failed to demonstrate a basis for this appeal and wasted judicial resources.  We conclude that under these circumstances, the Frittses' attorney, rather than the Frittses themselves, should bear the cost of Liddle & Moeser's attorney fees on appeal.

### IV.  CONCLUSION

The Frittses have not shown they are entitled to a new trial or that the district court erred in denying their January 12, 2005, motion to amend their motion for a new trial.  We affirm the

8

district court's award of attorney fees to Liddle & Moeller under I.C. § 12-120(3).  Pursuant to I.A.R. 11.1, this Court awards Liddle & Moeller their reasonable attorney fees incurred in this appeal, together with costs.

Chief Justice SCHROEDER and Justices EISMANN, BURDICK and JONES **CONCUR**.