97 P.3d 448

**Juanita H. LUTTRELL, Claimant–Appellant,**

v.

**CLEARWATER COUNTY SHERIFF'S OFFICE, Employer, and State Insurance Fund, Surety, Defendants–Respondents.**

**No. 29148.**

Supreme Court of Idaho,
Boise, May 2004 Term.

July 21, 2004.

Rehearing Denied Sept. 3, 2004.

582

Keeton and Tait, Lewiston, for appellant. John R. Tait argued.

H. James Magnuson, Coeur d'Alene, for respondents, argued.

TROUT, Chief Justice.

## I.

## FACTUAL AND PROCEDURAL BACKGROUND

Juanita Luttrell (Luttrell) was employed as a dispatcher for the Clearwater County Sheriff's office in Orofino, Idaho, beginning in December 1997. On August 10, 1999, while at work, Luttrell received a 911 emergency call regarding a person who had stopped breathing. During the process of contacting an ambulance and advising the caller about CPR, Luttrell suffered a psychological reaction to the situation and was unable to function or continue performing her duties. She was taken to the hospital and diagnosed as having anxiety and depression, as well as suffering from sinus tachycardia at the time she was examined in the emergency room. Follow-up examinations confirmed that Luttrell had suffered a nervous breakdown as a result of an acute anxiety disorder, job related stress and underlying depression.

On August 10, 2000, Luttrell filed a worker's compensation claim alleging medical problems of acute stress disorder and major depression disorder. The State Insurance Fund answered, denying any responsibility for compensation. A hearing was held before an Industrial Commission referee who then issued Findings of Fact, Conclusions of Law and Recommendation, concluding that Luttrell's case was a "classic mental-mental case" without any physical injuries and that compensation for such a claim was barred by Idaho Code § 72–451. On August 30, 2002, the Industrial Commission (Commission) adopted and confirmed the referee's findings and conclusions denying benefits. Luttrell moved for reconsideration on September 18, 2002. The Commission denied the motion to reconsider and Luttrell then filed a timely notice of appeal to this Court.

## II.

## STANDARD OF REVIEW

When this Court reviews a Commission decision, it exercises free review over questions of law, but reviews questions of fact only to determine whether substantial and competent evidence supports the Commission's findings. *Hughen v. Highland Estates*, 137 Idaho 349, 350, 48 P.3d 1238, 1240 (2002). Substantial and competent evidence is "relevant evidence which a reasonable mind might accept to support a conclusion." *Folks v. Moscow School Dist. No. 281*, 129 Idaho 833, 836, 933 P.2d 642, 645 (1997); *Boise Orthopedic Clinic v. Idaho State Ins. Fund*, 128 Idaho 161, 164, 911 P.2d 754, 757 (1996). The Commission's conclusions regarding the credibility and weight of evidence will not be disturbed unless the conclusions are clearly erroneous. *Zapata v. J.R. Simplot Co.*, 132 Idaho 513, 515, 975 P.2d 1178, 1180 (1999). Finally, in reviewing a decision of the Commission, this Court "views all the facts and inferences in the light most favorable to the party who prevailed before the Commission." *Boley v. State*, 130 Idaho 278, 280, 939 P.2d 854, 856 (1997).

## III.

## DISCUSSION

The dispute turns on whether the Commission properly denied Luttrell compensation under I.C. § 72–451 by determining that she suffered a psychological reaction without an accompanying physical injury. Luttrell claims the diagnosis of sinus tachycardia was

a physical manifestation of the August 10, 1999, incident and therefore, her claim is not barred by I.C. § 72–451. Further, Luttrell argues the denial of her claim under I.C. § 72–451 violates her equal protection rights guaranteed under the Idaho Constitution. Both parties argue they are entitled to attorney fees on appeal.

## A. Nature of claim under I.C. § 72–451

■ Luttrell claims her psychological reaction at work and subsequent diagnosis of sinus tachycardia constitutes a "physical-mental" claim and is compensable under I.C. §§ 72–102(17) and 72–451. In order for Luttrell to receive compensation, she must prove that her condition is an injury caused by an accident. The Worker's Compensation Act (Act) defines an "injury" as "a personal injury caused by an accident arising out of and in the course of any employment covered by worker's compensation law." I.C. § 72–102(17)(a). "Personal Injury" is an "injury caused by an accident which results in violence to the physical structure of the body." I.C. § 72–102(17)(c). Further, an "accident" is defined as "an unexpected, undesigned, and unlooked for mishap, or untoward event, connected with the industry in which it occurs, and which can be reasonably located as to time when and place where it occurred, causing an injury." I.C. § 72–102(17)(b).

■ According to I.C. § 72–451, physical-mental injuries are compensable, but they must meet the following conditions paraphrased as:

1) The injury was caused by an accident and physical injury or occupational disease or psychological mishap accompanied by resultant physical injury;

2) The injury did not arise from conditions generally inherent in every working situation or from a personnel related action;

3) Such accident and injury must be the predominant cause as compared to all other causes combined of any consequence;

4) The causes or injuries must exist in a real and objective sense;

5) The condition must be one which constitutes a diagnosis under the American Psychiatric Association's most recent diagnostic and statistics manual, and must be diagnosed by a psychologist or psychiatrist licensed in the jurisdiction in which treatment is rendered.

In addition, it must be proven by clear and convincing evidence that the psychological injuries arose out of and in the course of the employment from an accident or occupational disease. I.C. § 72–451(6). "Clear and convincing evidence means a degree of proof greater than a mere preponderance." *In the Matter of Gordon W. Jenkins*, 120 Idaho 379, 383, 816 P.2d 335, 339 (1991). Further, the statute provides that it should not "be construed as allowing compensation for psychological injuries from psychological causes without accompanying physical injury." I.C. § 72–451. A "mental-mental" claim is one in which a mental stimulus or impact results in a psychological condition. *See* 3 Arthur Larson, et al., Larson's Workers' Compensation Law, § 56.06[3] (2003).

■ Luttrell argues that her diagnosis of sinus tachycardia establishes that the resulting psychological conditions she suffered were accompanied by a physical injury, meeting the conditions of a physical-mental injury under I.C. § 72–451. She also argues this injury was caused by a work related accident. Whether an injury arose out of the course of employment is a question of fact for determination by the Commission, and will not be disturbed unless clearly erroneous. *Kessler ex rel. Kessler v. Payette County*, 129 Idaho 855, 859, 934 P.2d 28, 32 (1997). Sinus tachycardia was described by Dr. Andrew Jones at the Industrial Commission hearing as a "heart rate that is much faster than normal heart rhythm, and is something one can see in a variety of contexts," such as a reaction to medication, a stress reaction, or congenital reasons.

The Commission determined Luttrell did not provide clear and convincing evidence that the diagnosis of sinus tachycardia constituted a physical injury accompanied by her psychological reaction. The Commission found that Luttrell simply suffered a psychological reaction to the emergency call and

"the behavioral and physical manifestations of the reaction ... were psychological responses to the reaction," not physical reactions. Further, the Commission's findings note that no ectopy (additional heart beat) was present and Luttrell's heart rate returned to normal once she was removed from the stressful situation. Also, the record contains substantial evidence that the tachycardia incident was a physiological reaction to stress and a symptom of a psychological disorder, rather than a physical injury which caused a psychological disorder.

The Commission did not err in denying Luttrell worker's compensation benefits because the record amply supports their determination that Luttrell failed to establish by clear and convincing evidence that she suffered any physical injury from an accident at work. Instead, it appears Luttrell suffered a stressful stimulus at work, which resulted in a psychological reaction. Therefore, this is an example of a "mental-mental" claim where psychological injury resulted from psychological causes. Thus, Luttrell's claim is barred by I.C. § 72–451 and the Commission's Order is affirmed.

### B. Equal Protection Claim.

■ Luttrell argues on appeal that by denying her claim, the Commission denied her rights under the Idaho Constitution, Article I, §§ 2 and 18. Article I, § 2 provides that government is instituted for the equal protection and benefit of the people, while Article I, § 18 establishes that "courts of justice shall be open to every person, and a speedy remedy afforded for every injury of person, property or character...."

■ When a statute's constitutionality is challenged, this Court will presume the statute is constitutional unless the party challenging the statute proves otherwise. *Rhodes v. Indus. Comm'n,* 125 Idaho 139, 142, 868 P.2d 467, 470 (1993). This Court has previously concluded that Article I, § 18 does not create any substantive rights and "merely admonishes the Idaho courts to dispense justice and to secure citizens the rights

and remedies afforded by the legislature or by the common law...." *Hawley v. Green,* 117 Idaho 498, 500–01, 788 P.2d 1321, 1323–24 (1990) [1].

■ Luttrell also failed to provide persuasive analysis regarding a denial of her equal protection rights. There is no suspect classification here. The Court must analyze the constitutionality of I.C. § 72–451 under a rational basis test because it involves an "economic and social welfare" provision and, therefore, the statute "must bear a rational relationship to a legitimate legislative purpose." *Id.* at 142, 868 P.2d at 470; *Heese v. A & T Trucking,* 102 Idaho 598, 600, 635 P.2d 962, 964 (1981). While Luttrell argues that denying her compensation for her mental condition singles out a particular type of injury for disparate treatment under the Act, she does not address the legislature's rational reasons for adopting I.C. § 72–451, particularly when not all mental conditions are excluded under the Act. The statute bears a rational relationship to the legislative purpose of compensating workers for psychological injuries, disorders or conditions caused by accidents or occupational diseases. The provision specifically allows for compensation of psychological injuries and diseases when the mental injury is accompanied by an actual physical injury. It was not unreasonable for the legislature to determine that there should be a differentiation between physical-mental claims and mental-mental claims because of the difficulty of determining the cause and extent of a claim for which there is no accompanying physical injury. Luttrell has failed to show a denial of any rights guaranteed under the Idaho Constitution.

### C. Attorney fees.

Luttrell argues she is entitled to attorney fees on appeal under I.C. § 72–804 because the Respondents contested the claim without reasonable grounds and refused to pay Luttrell her due compensation. Because Luttrell failed to establish she suffered an injury

---

1. We have also recognized that claimants who suffer from injuries which are not compensable under the Act, may nevertheless, have the ability

to pursue a separate tort action against an employer. *See, e.g., Yeend v. UPS,* 104 Idaho 333, 659 P.2d 87 (1982).

compensable under the Act, she is not entitled to an award of fees.

 Respondents request an award of attorney fees under I.A.R. 11.1 because Luttrell simply asks this Court to reweigh the evidence and raised well-settled constitutional issues. However, the Court finds Luttrell's appeal reasonable. She did not contest any of the Commission's factual findings or ask the Court to reweigh the evidence, but instead appealed the application of Idaho law to her claim. Therefore the Respondents will not be awarded attorney fees on appeal.

## IV.

### CONCLUSION

There is no error in the Commission's determination that Luttrell suffered a psychological reaction and the physical manifestations of that reaction do not constitute physical injuries required by I.C. § 72–451 and, therefore, Luttrell's claim is barred. The denial of Luttrell's claim under I.C. § 72–451 does not violate Luttrell's rights under Article 1, Sections 2 and 18 of the Idaho Constitution. We award costs on appeal to Respondents.

Justices SCHROEDER, KIDWELL, EISMANN and BURDICK concur.