118 P.3d 133

Marie NEIHART, Claimant–Appellant,

v.

UNIVERSAL JOINT AUTO PARTS, INC., Employer, State Insurance Fund, Surety, Defendants–Respondents.

No. 30715.

Supreme Court of Idaho, Boise, May 2005 Term.

July 22, 2005.

Curtis N. Holmes, Pocatello, for appellant (did not appear for argument).

Meyers, Thomsen & Larson, PLLP, Pocatello, for respondents. M. Jay Meyers argued.

TROUT, Justice.

The appellant, Marie Neihart (Neihart), was involved in a work-related automobile accident while employed with Universal Joint Auto Parts, Inc. (Universal). The Industrial Commission ruled Neihart had failed to meet her burden of proving the accident caused the injury for which she was seeking benefits and, therefore, denied benefits. At issue in this appeal are whether there was substantial and competent evidence to support the Commission's decision and whether Universal is entitled to its attorney fees on appeal.

## I.

## FACTUAL AND PROCEDURAL BACKGROUND

On January 12, 2001, Neihart was employed by Universal as a parts delivery driver. On that day, Neihart was involved in a relatively low-speed automobile collision. Neither party disputes that Neihart was involved in the accident and that at the time of the accident, she was acting within the course and scope of her employment. Neihart estimated that her speed at the time of the collision was approximately ten miles per hour. Even though Neihart claimed to have been injured, she declined any medical services. Several months later, Neihart began a series of visits to numerous chiropractors for complaints of neck, back, hip and knee pain. Throughout most of these visits, she did not indicate in any way that she thought her pain arose from the January 12, 2001 automobile accident. Neihart also began new employment as a dancer at a bar. On one of the visits to a chiropractor, Neihart reported on the personal history form that she was experiencing pain on the left side of her neck and left arm tingling. The form asked how the injury occurred and Neihart wrote "dancing last night." The form asked when the symptoms started and Neihart wrote July 26, 2001. The form also asked if she had experienced this problem before. Neihart wrote "yes" it had occurred in "June."

Eventually, Neihart filed a claim for worker's compensation benefits alleging her ongoing neck and back pain was caused by the January 12, 2001 automobile accident. She was sent for an independent medical examination to Dr. Michael T. Phillips, who took a patient history, performed an examination and reviewed her medical records and x-rays. Dr. Phillips reported there was no direct correlation between Neihart's current complaints and the automobile accident and that there were no findings to suggest a permanent impairment as a result of the accident. Neihart also saw a chiropractor who also took a patient history, performed an examination and reviewed her medical records and x-rays. The chiropractor concluded Neihart's complaints were caused by the automobile accident. He opined Neihart had sustained a total combined permanent impairment rating of 6% of the whole person.

The matter went to a hearing before a referee for the Industrial Commission. The referee considered all of the evidence and decided to accept the testimony of the independent medical examiner. The referee concluded Neihart had "failed to meet her burden of proving the injury for which she seeks benefits was caused by the auto accident that occurred on January 12, 2001." The Industrial Commission adopted the recommendation of the referee and Neihart now appeals.

## II.

## STANDARD OF REVIEW

When reviewing a decision of the Industrial Commission, this Court views all the facts and inferences in the light most favorable to the party who prevailed before

the Industrial Commission. *Luttrell v. Clearwater County Sheriff's Office,* 140 Idaho 581, 583, 97 P.3d 448, 450 (2004). "When this Court reviews a Commission decision, it exercises free review over questions of law, but reviews questions of fact only to determine whether substantial and competent evidence supports the Commission's findings." *Id.* (citing *Hughen v. Highland Estates,* 137 Idaho 349, 350, 48 P.3d 1238, 1240 (2002)). Substantial and competent evidence is "relevant evidence which a reasonable mind might accept to support a conclusion." *Boise Orthopedic Clinic v. Idaho State Ins. Fund,* 128 Idaho 161, 164, 911 P.2d 754, 757 (1996). The Industrial Commission's conclusions regarding the credibility and weight of evidence will not be disturbed unless the conclusions are clearly erroneous. *Zapata v. J.R. Simplot Co.,* 132 Idaho 513, 515, 975 P.2d 1178, 1180 (1999).

## III.

## ANALYSIS

### A. There is Substantial, Competent Evidence Supporting the Commission's Decision

 Neihart argues there is substantial, competent evidence supporting her claim for worker's compensation benefits. That is not the test applied by this Court on appeals from the Industrial Commission. On appeal, this Court does not re-weigh the evidence or consider whether it would have reached a different conclusion from the evidence presented. *Warden v. Idaho Timber Corp.,* 132 Idaho 454, 457, 974 P.2d 506, 509 (1999). As stated above, we review questions of fact only to determine "whether substantial and competent evidence supports the Commission's findings." *Luttrell,* at 583, 97 P.3d at 450. In this case, the findings of the Commission are supported by: the deposition and report of Michael T. Phillips, M.D., the deposition and report of Glen D. Randall, D.C., the deposition and report of Robert E. Ward, D.C., the Idaho Vehicle Collision Report, the transcript of the hearing before the Industrial Commission referee, and various other medical records. Because it is supported by substantial, competent evidence, the determination of the Industrial Commission is affirmed.

### B. Universal is Entitled to Attorney Fees on Appeal

 Universal requests attorney fees on appeal as a sanction pursuant to Idaho Appellate Rule 11.1. That rule provides in part:

The signature of an attorney or party constitutes a certificate that the attorney or party has read the notice of appeal, petition, motion, brief or other document; that to the best of the signer's knowledge, information, and belief after reasonable inquiry it is well grounded in fact and is warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law, and that it is not interposed for any improper purpose, such as to harass, or to cause unnecessary delay or needless increase in the cost of litigation.

Accordingly, a violation of this rule requires the signed notice of appeal, petition, motion, brief or other document to (1) not be well grounded in fact (2) not be warranted by existing law or not be a good faith argument for the extension, modification, or reversal of existing law and (3) to be interposed for an improper purpose. *See Painter v. Potlatch Corp.,* 138 Idaho 309, 315, 63 P.3d 435, 441 (2003). Applying element one, this appeal is not well grounded in fact because the facts clearly support the decision of the Commission. As to element two, there is no existing law in Neihart's favor nor did she make a good faith argument for the extension, modification, or reversal of existing law.

 The final element requires the signed notice of appeal, petition, motion, brief or other document to have been interposed for an improper purpose. Although an attorney's purpose in filing an appeal may not always appear clear from the record, this Court can infer intent and purpose from the attorney's actions and the surrounding circumstances. In this case, Neihart's attorney articulated the wrong standard of review for this Court by stating the issues as if this Court were simply reviewing whether the record contained evidence supporting Neihart's position. As explained above, this Court reviews questions of fact to determine if the Commission's findings are supported by substantial and competent evidence. In

addition, Universal clearly pointed out in its brief on appeal that Neihart's attorney had misstated this Court's standard of review but Neihart's attorney did not file a reply brief to respond or clarify what he believed the issues to be. Finally, Neihart's attorney failed to appear at oral argument so that he could respond to Universal and to this Court, about the nature of his argument. Neihart's attorney unnecessarily and needlessly increased the costs of the litigation to Universal. For all of these reasons, an improper purpose can be inferred. Pursuant to Idaho Appellate Rule 11.1, we impose sanctions on Neihart's attorney, personally, in the amount of Universal's reasonable attorney fees incurred on appeal.

## IV.

## CONCLUSION

The decision of the Industrial Commission is supported by substantial and competent evidence and is affirmed. This Court imposes sanctions on Neihart's attorney for filing a frivolous appeal and orders the attorney personally to pay Universal's reasonable attorney fees on appeal. We also award costs on appeal to Universal.

Chief Justice SCHROEDER and Justices EISMANN, BURDICK and JONES concur.