# IN THE SUPREME COURT OF THE STATE OF IDAHO

## Docket No. 43161

TASHA JEFFCOAT,                                    )
                                                   )
    Claimant-Appellant,                        )          Boise, May 2016 Term
                                                   )
v.                                                 )          2016 Opinion No. 93
                                                   )
IDAHO DEPARTMENT OF                                )          Filed: September 9, 2016
CORRECTION, AEIDAHO, L.L.C.,                       )
Employers; and WIRELESS DATA                       )          Stephen Kenyon, Clerk
SERVICES, Major Base Employer; IDAHO               )
DEPARTMENT OF LABOR,                               )
                                                   )
    Respondents.                               )

Appeal from the Industrial Commission of the State of Idaho.

The decision of the commission is <u>affirmed</u>.

Tasha Jeffcoat, Boise, pro se appellant.

Hon. Lawrence G. Wasden, Attorney General, Boise, for respondent Idaho Department of Labor.

_____

ON THE BRIEFS

HORTON, Justice.

Tasha Jeffcoat appeals the decision and order of the Idaho Industrial Commission (the Commission) holding that she was ineligible for unemployment insurance benefits that she received and requiring repayment of those benefits and imposing penalties. The Commission determined that Jeffcoat failed to accurately report her earnings when filing for benefits and that this failure constituted a willful misstatement or concealment of material facts under Idaho Code section 72-1366(12). We affirm.

## I. FACTUAL AND PROCEDURAL BACKGROUND

Jeffcoat worked for the Idaho Department of Corrections (IDOC) between December 17, 2012, and June 14, 2013. In late June 2013, Jeffcoat was discharged from the IDOC and filed a claim for unemployment insurance benefits on June 26, 2013. On July 4, 2013, Jeffcoat began

working for AEIdaho, LLC as a sales associate. Between June 29, 2013, and January 11, 2014, Jeffcoat continued to file for unemployment benefits because she was only working part-time for AEIdaho, LLC.

The Idaho Department of Labor (IDOL) conducted a random cross-check audit of Jeffcoat's reported earnings and found discrepancies between the amounts Jeffcoat reported and the amounts reported by her employers. Jeffcoat did not respond to a letter from IDOL requesting an explanation for the earnings discrepancies. Jeffcoat claims she did not receive the letter due to ongoing issues with her mail. On December 23, 2014, IDOL conducted an eligibility determination and found that Jeffcoat provided false information in order to obtain benefits she was not entitled to. Jeffcoat appealed, and a hearing was held on January 21, 2015, before an Appeals Examiner for the IDOL. The IDOL Appeals Examiner found that Jeffcoat willfully failed to report a material fact or made a false statement in order to obtain unemployment benefits and was ineligible for a waiver of the requirement that she repay those benefits. Jeffcoat timely appealed to the Commission.

Neither party requested a new hearing, so on March 13, 2015, the Commission conducted a *de novo* review of the record, relying on the audio recording of the hearing before the Appeals Examiner and the exhibits. The Commission adopted the Findings of Fact made by the Appeals Examiner with slight modifications. The Commission reached three conclusions of law: (1) "Claimant willfully misstated a material fact for the purpose of obtaining unemployment benefits and is ineligible for benefits and/or waiting week credit . . ."; (2) "Claimant is subject to a twenty-five percent (25%) civil penalty in accordance with Idaho Code § 72-1369(2)"; and (3) "Claimant is ineligible for a waiver of the repayment requirement under Idaho Code § 72-1369(1)(d) and must repay the benefits she received." Jeffcoat timely appealed.

## II. STANDARD OF REVIEW

"When this Court reviews a decision from the Industrial Commission, we exercise free review over questions of law, but review questions of fact only to determine whether the Commission's findings are supported by substantial and competent evidence." *Bell v. Idaho Dep't of Labor*, 157 Idaho 744, 746-47, 339 P.3d 1148, 1150-51 (2014) (quoting *Uhl v. Ballard Med. Prods., Inc.*, 138 Idaho 653, 657, 67 P.3d 1265, 1269 (2003)). "Substantial and competent evidence is relevant evidence that a reasonable mind might accept to support a conclusion." *Id.* "[T]his Court does not re-weigh the evidence or consider whether it would have reached a

2

different conclusion from the evidence presented." *Hughen v. Highland Estates*, 137 Idaho 349, 351, 48 P.3d 1238, 1240 (2002). "The Industrial Commission's conclusions regarding the credibility and weight of evidence will not be disturbed unless the conclusions are clearly erroneous." *Id.* "[T]his Court views all the facts and inferences in the light most favorable to the party who prevailed before the Industrial Commission." *Neihart v. Universal Joint Auto Parts, Inc.*, 141 Idaho 801, 802–03, 118 P.3d 133, 134–35 (2005).

## III. ANALYSIS

On appeal, Jeffcoat does not present any legal argument as to how or why the Commission erred. Jeffcoat generally contends:

> If the Supreme Court definition says that willful means "a purpose or willingness to commit the act or make the omission referred to." Then how did Ms. Jeffcoat "willfully" fail to report accurate earnings? Had she known at the time of filing that the amounts were incorrect she would've made the effort to correct them, but she reported what she believed she earned as she kept track of any changes and accounted for any time worked over her shift.

A general claim of error is not sufficient to preserve an issue on appeal. "A general attack on the findings and conclusions of the district court, without specific reference to evidentiary or legal errors, is insufficient to preserve an issue." *Bach v. Bagley*, 148 Idaho 784, 790, 229 P.3d 1146, 1152 (2010). Jeffcoat does not present any case law or relevant statutes for this Court to consider. In her brief, Jeffcoat does refer to portions of the hearing before the IDOL Appeals Examiner, however, her arguments are general corrections to, or alternate interpretations of, the evidence presented during the hearing. "Where an appellant fails to assert his assignments of error with particularity and to support his position with sufficient authority, those assignments of error are too indefinite to be heard by the Court." *Id.* While we recognize that Jeffcoat is acting *pro se*, this Court has long held that "[p]ro se litigants are held to the same standards and rules as those represented by an attorney." *Twin Falls Cnty. v. Coates*, 139 Idaho 442, 445, 80 P.3d 1043, 1046 (2003). Because Jeffcoat has not advanced legal arguments or authority in support of her appeal, we must affirm the Commission's decision and order.

## IV. CONCLUSION

We affirm the Commission's decision and order affirming the decision of the IDOL Appeals Examiner and award costs on appeal to IDOL.

Chief Justice J. JONES and Justices EISMANN, BURDICK and W. JONES, **CONCUR**.