# IN THE SUPREME COURT OF THE STATE OF IDAHO

## Docket No. 43122

| | | |
|---|---|---|
| JESSICA E. BARR, | ) | |
| | ) | **Boise, September 2016 Term** |
|    Claimant-Appellant, | ) | |
| | ) | **2016 Opinion No. 118** |
| v. | ) | |
| | ) | **Filed: November 2, 2016** |
| CITICORP CREDIT SERVICE, INC. USA, | ) | |
| Employer, and IDAHO DEPARTMENT OF | ) | Stephen Kenyon, Clerk |
| LABOR. | ) | |
| | ) | |
|    Respondents. | ) | |

Appeal from the Industrial Commission of the State of Idaho.

The decision of the Commission is <u>affirmed</u>.

Jessica E. Barr, Boise, pro se appellant.

Hon. Lawrence G. Wasden, Attorney General, Boise, for respondent the Idaho Department of Labor.

_____

ON THE BRIEFS

HORTON, Justice.

Jessica E. Barr appeals from the decision of the Idaho Industrial Commission (Commission) finding her ineligible for unemployment benefits and affirming the decision of an Appeals Examiner for the Idaho Department of Labor's (IDOL) Appeals Bureau. The Commission found that Barr was discharged by her employer, Citicorp Credit Services, Inc. USA (Citicorp), for misconduct in connection with employment and determined that Barr was not eligible for benefits pursuant to Idaho Code section 72-1366(5).

Barr argues that Citicorp representatives provided false information to the Appeals Examiner and her unemployment benefits should be restored.

## I. FACTUAL AND PROCEDURAL BACKGROUND

Barr worked for Citicorp as a customer service representative from August 10, 2009, until August 26, 2014. In December of 2013, Citicorp sent out a company-wide email instructing employees not to contact the workforce management group (TCC) to request voluntary time off

(VTO). Instead, employees were instructed to request VTO through Citicorp's electronic scheduling planner (ESP). Despite this directive, Barr continued to contact TCC to request VTO.

Because of her continued actions, Barr received individual supervisor coaching on January 13, 15, and 21, 2014. Barr's supervisor, Tiffany Endicott, testified that Barr did not take the coaching seriously and that Barr remarked that the directive "didn't apply to her."

In early July 2014, Citicorp received an email from TCC informing it that Barr had continued to contact TCC, almost daily, about VTO. On July 7, 2014, Citicorp gave Barr a "Final Warning" concerning her conduct. Barr was told that all VTO requests must be submitted through the ESP system and that Barr should not contact TCC directly. Barr was told that any further occurrences might result in her termination. On August 21, 2014, Citicorp was informed that Barr had continued to contact TCC with her VTO requests. On August 25, 2014, Isaac Downey, Citigroup's operations manager, met with Barr and asked her to explain her conduct. Barr indicated that she had understood the final warning, but that calling TCC was "like an addiction." Barr was suspended and sent home. Barr was terminated the next day.

Barr applied for unemployment benefits and IDOL originally granted her request. Citicorp appealed and on November 7, 2014, an Appeals Examiner from IDOL's Appeals Bureau held a telephonic hearing on the issue. During the hearing, Downey, Endicott, and Barr testified. The Appeals Examiner reversed IDOL's original decision, finding Barr ineligible for unemployment benefits due to misconduct.

On November 24, 2014, Barr timely appealed to the Commission. The Commission conducted a *de novo* review of the record and determined that Citicorp had discharged Barr for misconduct in connection with her employment. The Commission affirmed the decision of the Appeals Examiner. Barr timely appealed.

## II. STANDARD OF REVIEW

"When this Court reviews a decision from the Industrial Commission, we exercise free review over questions of law, but review questions of fact only to determine whether the Commission's findings are supported by substantial and competent evidence." *Bell v. Idaho Dep't of Labor*, 157 Idaho 744, 746-47, 339 P.3d 1148, 1150-51 (2014) (quoting *Uhl v. Ballard Med. Products, Inc.*, 138 Idaho 653, 657, 67 P.3d 1265, 1269 (2003)). "Substantial and competent evidence is relevant evidence that a reasonable mind might accept to support a conclusion." *Id.* "[T]his Court does not re-weigh the evidence or consider whether it would have

reached a different conclusion from the evidence presented." *Hughen v. Highland Estates*, 137 Idaho 349, 351, 48 P.3d 1238, 1240 (2002). "The Industrial Commission's conclusions regarding the credibility and weight of evidence will not be disturbed unless the conclusions are clearly erroneous." *Id.* "[T]his Court views all the facts and inferences in the light most favorable to the party who prevailed before the Industrial Commission." *Neihart v. Universal Joint Auto Parts, Inc.*, 141 Idaho 801, 802-03, 118 P.3d 133, 134-35 (2005).

### III. ANALYSIS

As an initial matter we note that Barr is acting *pro se*; however, we have long held that "[p]ro se litigants are held to the same standards and rules as those represented by an attorney." *Twin Falls Cnty. v. Coates*, 139 Idaho 442, 445, 80 P.3d 1043, 1046 (2003).

A general claim of error is not sufficient to preserve an issue on appeal. "A general attack on the findings and conclusions of the district court, without specific reference to evidentiary or legal errors, is insufficient to preserve an issue." *Bach v. Bagley*, 148 Idaho 784, 790, 229 P.3d 1146, 1152 (2010). "Where an appellant fails to assert [her] assignments of error with particularity and to support [her] position with sufficient authority, those assignments of error are too indefinite to be heard by the Court." *Id.*

Barr does not present any case law or relevant statutes for this Court to consider. Instead, she contends that Citicorp "provided inaccurate and false information based on a personal vendetta" and concludes:

> The information listed in the Findings of Facts is directly determined from testimony given by Mr. Downey and Mrs. Endicott in which no evidence was ever submitted. The emails that supposedly came from TCC were never submitted as evidence or proof. The coaching notes from coaching's that allegedly occurred three separate times in a week in January were never submitted. A policy stating that employees cannot contract VTO through TCC was never submitted. The decision in whole is based upon statements made in the testimony given libelously by Mr. Downey and Mrs. Endicott.

A charitable interpretation of Barr's argument is that the Commission gave impermissible weight to the testimony presented by Downey and Endicott. However, "it is up to the Commission to weigh the conflicting evidence and 'determine the credit and the weight to be given the testimony admitted.' " *Henderson v. Eclipse Traffic Control & Flagging*, Inc., 147 Idaho 628, 631, 213 P.3d 718, 721 (2009) (quoting *Bullard v. Sun Valley Aviation, Inc.*, 128 Idaho 430, 432, 914 P.2d 564, 566 (1996)). "Furthermore, all facts and inferences are viewed in favor of the

3

prevailing party before the Commission." *Adams v. Aspen Water, Inc.*, 150 Idaho 408, 412–13, 247 P.3d 635, 639–40 (2011).

"[T]his Court does not 'conduct a *de novo* review of the evidence or consider whether it would have reached a different conclusion from the evidence presented.' " *Serrano v. Four Seasons Framing*, 157 Idaho 309, 317, 336 P.3d 242, 250 (2014) (quoting *Henderson v. McCain Foods, Inc.*, 142 Idaho 559, 565, 130 P.3d 1097, 1103 (2006)). Instead, "[w]e are "constitutionally compelled to defer to the Industrial Commission's findings of fact where supported by substantial and competent evidence." *Gerdon v. Con Paulos, Inc.*, 160 Idaho 335, 337, 372 P.3d 390, 392 (2016) (quoting *Teffer v. Twin Falls School Dist. No. 411*, 102 Idaho 439, 439, 631 P.2d 610, 610 (1981)). The testimony provided by Downey and Endicott constituted substantial and competent evidence for the Commission's decision. Therefore, we must affirm its decision.

## IV. CONCLUSION

We affirm the Commission's decision and order affirming the decision of the IDOL's Appeals Examiner and award costs on appeal to IDOL.

Chief Justice J. JONES and Justices EISMANN, BURDICK and W. JONES, **CONCUR**.

4