**IN THE SUPREME COURT OF THE STATE OF IDAHO**
**Docket No. 44683**

|  |  |  |
|---|---|---|
| DENNIS B. CURRENT, | ) | |
| | ) | |
| Claimant-Appellant, | ) | |
| v. | ) | Twin Falls, November 2017 Term |
| | ) | |
| WADA FARMS PARTNERSHIP, | ) | 2017 Opinion No. 122 |
| | ) | |
| Employer, | ) | Filed: December 4, 2017 |
| and | ) | |
| | ) | Karel A. Lehrman, Clerk |
| IDAHO DEPARTMENT OF LABOR, | ) | |
| | ) | |
| Respondent. | ) | |
| _____ | ) | |

Appeal from the Industrial Commission of the State of Idaho.

The decision of the Commission is <u>affirmed.</u> Costs on appeal are
<u>awarded</u> to the respondent. Request for attorney fees on appeal is <u>denied</u>.

Dennis B. Current, Blackfoot, *pro se*.

Hon. Lawrence G. Wasden, Idaho Attorney General, Boise, attorney
for respondent. Douglas A. Werth argued.

_____

JONES, Justice.

## I. NATURE OF THE CASE

Dennis B. Current ("Current") appeals an Idaho Industrial Commission (the "Commission") decision that determined he was ineligible for unemployment benefits based on willful underreporting of his earnings to the Idaho Department of Labor ("IDOL"). IDOL discovered wage discrepancies between the amount reported by Current and the amount reported by his employer, Wada Farms Partnership ("Wada Farms"), for the weeks ending March 5, 2016, and March 12, 2016. On appeal, Current disputes that he "willfully" misrepresented his wages.

1

## II. FACTUAL AND PROCEDURAL BACKGROUND

Since September 2009, Current has worked for Wada Farms on a seasonal basis. Due to the nature of his employment, his hours varied weekly. When Current was not working regularly, he sought unemployment benefits.

Sometime around April 2016, IDOL requested wage information from Wada Farms for the weeks ending November 7, 2015 through March 19, 2016. On April 26, 2016, IDOL sent Current a letter, notifying him that the wages that he had reported for the weeks ending March 5, 2016 and March 12, 2016, differed from the wages reported by Wada Farms; specifically, for the week ending March 5, 2016, Current reported $330.00 in wages, while Wada Farms reported $397.51 in wages, and for the week ending March 12, 2016, Current reported $231.00 in wages and Wada Farms reported $313.59 in wages. The letter afforded Current an opportunity to explain the discrepancies. However, Current maintains that he never received the letter.

On May 10, 2016, IDOL issued an eligibility determination ruling, finding that Current willfully misstated a material fact to obtain unemployment benefits. As part of the ruling, IDOL: (1) determined that Current would not be eligible for benefits from May 8, 2016 through May 6, 2017; (2) sought repayment of the benefits that Current received to which he was not entitled; and (3) issued a civil penalty. Current appealed the eligibility determination, arguing that he did not willfully submit false facts or statements.

In June 2016, the parties appeared for a telephonic hearing with the Appeals Examiner to determine whether Current willfully made a false statement or willfully failed to report a material fact in order to obtain unemployment insurance benefits. In response to questions regarding the discrepancy between Current's reported wages, and Wada Farms' reported wages, Current explained that Wada Farms' new payroll system, Kronos, was electronic, and he was also enrolled in direct deposit. As a result, Current noted that he did not receive a paystub, and, at the time, he maintained that he had no way to log onto the system to review his hours. Current admitted that he estimated his hours, and deducted hours for lunch. In a discussion regarding Kronos, Current testified as follows:

> Current: I was able to log onto Kronos after . . . May 26th . . . But prior to that I was not able to access my time, my hours, or anything like that and I just had to guesstimate and I did mention that to some of your people over the phone and they said that that was fine, that I could guesstimate my time. . . .

Appeals Examiner: Okay. So when they told you [that] you could estimate your time, did they tell you that you should go back and correct your earnings once you find out - - once you found out what you were actually paid?

Current: Well, I think they mentioned something like that, but . . . like I said, I haven't been able to even access a pay stub until May 18, 2016. . . .

Current also disclosed that he had been able to obtain printed copies of his paystubs in the past, but that usually Wada Farms charged for that.

Despite Current's explanation, IDOL sought to make it clear that:

[Current] was notified that . . . it is . . . his responsibility to make sure that he includes [his hours] correctly. The statement that he made based on not being able to enter into the system of the employer that keeps his hours does not excuse him from his responsibility to make sure that he provides the department accurate information. There is [sic] other options. He could have gone to the employer. He could have - -when he received his payment clarified that it was correct. He knew that he was estimating the hours when he provided the information to us. There was no indication that he ever called and verified and corrected. . . .

After the hearing, the Appeals Examiner issued a decision affirming the May 10, 2016 Eligibility Determination. Ultimately, the Appeals Examiner determined that Current misreported his earnings to IDOL for two weeks without providing a reasonable explanation for the error. Current appealed IDOL's decision to the Commission.

Subsequently, Current requested that the hearing be reopened so that he could present additional information. The Appeals Examiner denied Current's request, finding that Current had been afforded a full and fair opportunity to provide evidence and there was not a sufficient basis upon which to reopen the hearing.

Ultimately, the Commission affirmed the Appeals Examiner's finding and held that Current was ineligible for unemployment benefits. First, the Commission determined that the Appeals Examiner correctly denied Current's request to reopen the hearing because Current had been afforded due process and the information he sought to introduce—that he did not intend to defraud IDOL—was uncontested.

Second, the Commission determined that Current underreported his earnings despite knowing the importance of providing accurate information. Specifically, the Commission stated that "the issue in this case comes down to assessing the probability that, given the information available to [Current], he did not know what IDOL was asking, and, then, deliberately elected not to seek clarification." The Commission further noted that, even if Current did not have

immediate access to his paystubs for the weeks at issue, he admitted that he had obtained paper copies of his paystubs before Wada Farms changed to a new accounting system in March 2016. The Commission conceded that Current may not have intended to commit any fraud by underreporting his wages, but that "he made assumptions about his hours and did nothing to verify that the wages he reported were correct." As a result, the Commission concluded:

> [Current] willfully misstated material facts for the purpose of obtaining unemployment benefits when he misreported his wages. [Current] is ineligible for all the benefits he received and any waiting week credit for the weeks ending in March 5, 2016 and March 12, 2016. [Current's] conduct has also rendered him ineligible for unemployment benefits for the fifty-two (52) week period May 8, 2016 through May 6, 2017. [Current] is ineligible for a waiver and must repay the benefits he received, but to which he was not entitled, along with applicable interest and penalties. . . .

Current timely appealed the Commission's decision.

### III. ISSUES ON APPEAL

1.  Whether Current's argument fails to meet the requirements of Idaho Appellate Rule 35(a).

2.  Whether substantial and competent evidence supports the Commission's finding that Current willfully misrepresented material facts when he underreported his earnings to IDOL.

3.  Whether IDOL is entitled to attorney fees and costs on appeal pursuant to Idaho Code section 12-117(1).

### IV. STANDARD OF REVIEW

> "When this Court reviews a decision from the Industrial Commission, we exercise free review over questions of law, but review questions of fact only to determine whether the Commission's findings are supported by substantial and competent evidence." *Uhl v. Ballard Med. Products, Inc.*, 138 Idaho 653, 657, 67 P.3d 1265, 1269 (2003). "Substantial and competent evidence is relevant evidence that a reasonable mind might accept to support a conclusion." *Id.* "[T]his Court does not re-weigh the evidence or consider whether it would have reached a different conclusion from the evidence presented." *Hughen v. Highland Estates*, 137 Idaho 349, 351, 48 P.3d 1238, 1240 (2002). "The Industrial Commission's conclusions regarding the credibility and weight of evidence will not be disturbed unless the conclusions are clearly erroneous." *Id.* [T]his Court views all the facts and inferences in the light most favorable to the party who prevailed before the Industrial Commission. *Neihart v. Universal Joint Auto Parts, Inc.*, 141 Idaho 801, 802–03, 118 P.3d 133, 134–35 (2005).

*Bell v. Idaho Dep't of Labor*, 157 Idaho 744, 746–47, 339 P.3d 1148, 1150–51 (2014).

### V. ANALYSIS

**A.      Current's argument meets the requirements of Idaho Appellate Rule 35(a).**

IDOL argues that Current's argument should be waived pursuant to Idaho Appellate Rule 35(a) because he failed to provide any argument or authority for the issues stated in his brief. Specifically, IDOL argues that Current merely advances conclusory statements and fails to cite case law.

Idaho Appellate Rule 35 requires that an appellant's brief contain: "the contentions of the appellant with respect to the issues presented on appeal, the reasons therefor, with citations to the authorities, statutes and parts of the transcript and record relied upon." I.A.R. 35(a)(6).

This Court finds that Current's appellate brief is supported by sufficient argument and authority to meet the requirements set forth in Idaho Appellate Rule 35.

**B.      Substantial and competent evidence supports the Commission's finding that Current willfully failed to report a material fact.**

Current sets forth the following facts in his briefing. He has been a seasonal employee of Wada Farms for seven years, monitors his time by clocking in and out on a time clock, and receives payment via direct deposit. From approximately mid December 2015 to late May 2016, he did not have electronic access to his pay stubs or hours; however, he did receive copies of his pay stubs from Wada Farms' accounting department in December of 2015 after a winter layoff. Wada Farms updated their payroll system and provided him with a password in April 2016. However, because of technical issues, he did not have access to the system until May 26, 2016.

Current argues that he reported his wages "to the best of his ability and memory" and that he presented sufficient evidence to establish that he did not willfully misreport his wages. Ultimately, Current concludes that he did not have knowledge that an overpayment had been made, and that a willful act requires knowledge that the act was wrong.

Despite Current's assertions, IDOL maintains that substantial and competent evidence supports the Commission's finding that Current willfully misrepresented material facts when he underreported his earnings. IDOL argues that it is clear from Current's testimony that he knew of his obligation to correct estimated earnings, but failed to do so.

Idaho law provides that "[t]he claimant bears the burden of proving statutory eligibility for unemployment benefits." *McNulty v. Sinclair Oil Corp.*, 152 Idaho 582, 585, 272 P.3d 554, 557 (2012) (citing *Steffen v. Davison, Copple, Copple & Copple*, 120 Idaho 129, 132, 814 P.2d 29, 32 (1991)). Further, "[a] claimant shall not be entitled to benefits for a period of fifty-two

(52) weeks if it is determined that he has willfully made a false statement or willfully failed to report a material fact in order to obtain benefits." I.C. § 72-1366(12).

> [Willfully] implies simply a purpose or willingness to commit the act or make the omission referred to. It does not require any intent to violate law, in the sense of having an evil or corrupt motive or intent. It does imply a conscious wrong, and may be distinguished from an act maliciously or corruptly done, in that it does not necessarily imply an evil mind, but is more synonymous with "intentionally," "designedly," "without lawful excuse," and therefore not accidental.

*Bell v. Idaho Dep't of Labor,* 157 Idaho 744, 747, 339 P.3d 1148, 1151 (2014) (quoting *Meyer v. Skyline Mobile Homes*, 99 Idaho 754, 761, 589 P.2d 89, 96 (1979)).

"Enactment of 'provisions penalizing claimants who willfully fail to report material facts in order to obtain benefits . . . suggests that [the Legislature] intended to disqualify those claimants who purposely, intentionally, consciously, or knowingly fail to report a material fact, not those whose omission is accidental because of negligence, misunderstanding or other cause.'" *Id*. However, willfulness is found where a claimant "was properly informed of his reporting obligation and his alleged misunderstanding lacked credibility." *Bringman v. New Albertsons, Inc*., 157 Idaho 71, 77, 334 P.3d 262, 268 (2014) (citing *McNulty*, 152 Idaho at 587, 272 P.3d at 559).

In *Bell*, Bell worked at Sears, but regularly filed for unemployment benefits through IDOL. *Bell*, 157 Idaho at 745, 339 P.3d at 1149. IDOL discovered some discrepancies between the wages reported by Bell in his unemployment filings, and the wages reported by Sears. *Id*. IDOL found that "Bell willfully misstated his gross wages for nineteen weeks in which he received benefits and that he was ineligible for benefits for nine weeks in which he claimed to have worked part-time hours despite working at least forty hours." *Id*. Accordingly, Bell was: (1) disqualified from receiving benefits for fifty-two weeks; (2) ordered to repay benefits that he had received during the relevant periods; and (3) ordered to pay penalties for willfully misrepresenting his wages and the hours worked. *Id*. The Commission found that Bell willfully made false statements or failed to disclose material facts based on the fact that Bell estimated his gross wages and knew of the requirement to update IDOL with accurate information, but made no attempt to do so. *Id*. at 746, 339 P.3d at 1150. In making its decision, the Commission considered that IDOL provided Bell a pamphlet titled "Unemployment Insurance Claim Benefit Rights, Responsibilities, and Filing Instructions," which contained the following instruction: "[i]f

6

you cannot determine the exact amount you earned, you must estimate weekly earnings as close as possible. If you do estimate earnings, you must contact your local office when you receive the correct earnings information." *Id.* at 748, 339 P.3d at 1152. On appeal, this Court was not persuaded by Bell's argument that he did not intend to defraud IDOL, noting that "willful conduct 'does not require any intent to violate law. . . .'" *Id.* at 749, 339 P.3d at 1153 (citing *Meyer*, 99 Idaho at 761, 589 P.2d at 96). Ultimately, this Court found that Bell knew that he was obligated to correctly report his hours and update IDOL if he had initially reported inaccurate information, but that Bell had failed to do so. *Id.*

The crux of this appeal is whether the Commission's finding—that Current willfully failed to report a material fact to obtain unemployment insurance benefits—is supported by substantial and competent evidence. Current argues that it was an honest mistake and that he did not intentionally misrepresent his wages. However, Current's argument fails to consider that this Court has defined "willfulness" as simply a willingness to commit the act, "[i]t does not require any intent to violate the law." *Bell,* 157 Idaho at 747, 339 P.3d at 1151.

As was the case in *Bell*, Current received a pamphlet that informed him that he was required to keep track of hours and earnings, and that "[i]f you cannot determine the exact amount you earned, you must estimate weekly earnings as closely as possible. *If you do estimate earnings, you must call . . . when you receive the correct earnings information.*" (Emphasis added). As a result, Current was on notice that if he estimated his wages, he needed to follow up with IDOL to provide accurate information. Current acknowledged this requirement in his testimony, and he admitted knowing that if he did estimate his time he was required to correct the estimation with the accurate information.

Willfulness is found where a claimant "was properly informed of his reporting obligation and his alleged misunderstanding lacked credibility." *Bringman*, 157 Idaho at 77, 334 P.3d at 268. It is possible that Current's misunderstanding was credible, *i.e.*, that he never received the letter notifying him that the wages he had reported differed from the wages reported by Wada Farms, or that he did not have access to his paystubs due to a recent change in the payroll system; however, these arguments fail to justify Current's failure to follow up to ensure that his reporting was accurate.

Nonetheless, on appeal, questions of fact are only reviewed to determine whether the Commission's findings are supported by substantial and competent evidence. *Uhl*, 138 Idaho at

7

657, 67 P.3d at 1269. Ultimately, the Commission conceded that Current may not have intended to commit any fraud by underreporting his wages, but that "he made assumptions about his hours and did nothing to verify that the wages he reported were correct." We find that substantial and competent evidence supports the Commission's decision.

## C. **IDOL is not entitled attorney fees on appeal.**

IDOL requests attorney fees on appeal on the basis that Current's appeal is without reasonable basis in fact or law.

Idaho Code section 12-117(1) provides that:

> Unless otherwise provided by statute, in any proceeding involving as adverse parties a state agency or a political subdivision and a person, the state agency, political subdivision or the court hearing the proceeding, including on appeal, shall award the prevailing party reasonable attorney's fees, witness fees and other reasonable expenses, if it finds that the nonprevailing party acted without a reasonable basis in fact or law.

I.C. § 12-117(1).

We find that Current had a good faith basis for his argument that he did not willfully lie to IDOL. Accordingly, we deny IDOL's request for attorney fees on appeal.

## VI. CONCLUSION

We affirm the Commission's decision and award costs on appeal to IDOL. We decline IDOL's request for attorney fees on appeal.

Chief Justice BURDICK, and Justices HORTON, BRODY and BEVAN, CONCUR.

8