**IN THE SUPREME COURT OF THE STATE OF IDAHO**
**Docket No. 46743**

| | | |
|---|---|---|
| BRETT L. WOOLLEY, | ) | |
| | ) | Boise, February 2020 Term |
| | ) | |
| Claimant-Appellant, | ) | |
| | ) | Opinion Filed: April 16, 2020 |
| v. | ) | |
| | ) | |
| BRIDGE ST., INC., Employer; and | ) | Karel A. Lehrman, Clerk |
| IDAHO DEPARTMENT OF LABOR | ) | |
| | ) | |
| Respondents. | ) | |
| | ) | |

Appeal from the Industrial Commission of the State of Idaho.

The Commission's decision finding Woolley ineligible for benefits under Idaho Code section 72-1312A is <u>affirmed.</u> The Commission's decision finding Woolley ineligible for a waiver of the repayment requirement is <u>affirmed</u>. The portion of the Commission's decision finding Woolley willfully misrepresented his status as a corporate officer is <u>reversed.</u> The Commission's imposition of a civil penalty under Idaho Code section 72-1369(2) is <u>reversed</u>. Costs on appeal are <u>denied</u>.

Brett L. Woolley, Stanley, *pro se*.

Lawrence G. Wasden, Idaho Attorney General, Boise, attorney for Respondent, Department of Labor.

---

BEVAN, Justice

## I. NATURE OF THE CASE

Brett Woolley appeals from an Idaho Industrial Commission ("Commission") decision that found him ineligible for unemployment benefits. The Commission determined that Woolley was ineligible for benefits because he was a corporate officer whose claim for benefits was based on wages from a corporation in which he had an ownership interest. The Commission also determined Woolley willfully made a false statement by saying he had not received wages or performed services as a corporate officer. We affirm in part and reverse in part.

1

## II. FACTUAL AND PROCEDURAL BACKGROUND

Woolley is the president of Bridge St. Inc. ("Bridge Street"), a corporation which operates a restaurant in Stanley, Idaho. Woolley originally organized the business as a limited liability company but converted it to a corporation in 2015. Depending on where he was needed, Woolley worked as a dishwasher, cook, server, and maintenance man for the restaurant. Business was seasonal; as a result, Woolley chose to close down for the winter in 2016 and file for unemployment benefits. When applying for benefits Woolley was asked: "Did you receive any wages or perform services as a Corporate Officer?" Woolley answered "no." Woolley also closed the restaurant for the winter season in 2017 and applied for unemployment benefits. Woolley was asked the same question, and again answered that he had not received wages or performed services as a corporate officer. Woolley testified that upon reopening the restaurant he would work for free until his unemployment benefits ran out.

During a routine audit, the Idaho Department of Labor ("IDOL") discovered that Woolley was a corporate officer when he applied for unemployment benefits. Based on Woolley's status as a corporate officer with Bridge Street, IDOL found him ineligible for benefits. IDOL also found that Woolley willfully made a false statement or failed to report a material fact on his claim. IDOL determined that Woolley was required to repay the benefits he had received.

On October 3, 2018, Woolley appealed his personal eligibility determination to the IDOL appeals bureau. During the telephonic hearing, Woolley testified that he was a corporate officer; however, when asked whether he received wages or performed services as a corporate officer he answered no. Woolley explained:

> I don't look at myself as a corporate officer – getting paid as a corporate officer, because I – I'm in the – I [sic] on my feet 16 hours a day working and, you know, when I filed my first claim, you know, I re-reviewed the question, looked at it, and I'm like – I'm like, heck no, I – you know, I – I'm a worker.

On November 5, 2018, the appeals examiner issued a decision denying Woolley's request for benefits. The appeals examiner affirmed the personal eligibility determination, concluding that Woolley was a corporate officer whose claim for benefits was based on wages from a corporation in which he had an ownership interest. The appeals examiner also affirmed the decision that Woolley was not eligible for a waiver of repayment of benefits. However, the appeals examiner reversed the finding that Woolley had willfully made a false statement or willfully failed to report a material fact in order to obtain benefits. IDOL appealed the portion of the decision that found

2

Woolley did not willfully make a false statement or willfully fail to report a material fact. Woolley appealed the remainder of the decision.

On December 20, 2018, the Commission issued its decision and order. The Commission affirmed the determination that Woolley was ineligible for benefits because he was a corporate officer whose claim for benefits was based on wages from a corporation in which he had an ownership interest. However, the Commission reversed the portion of the appeals examiner's decision that concluded Woolley had not willfully failed to report a material fact or made a false statement to obtain unemployment benefits. Last, the Commission affirmed the appeals examiner's decision that Woolley was ineligible for a waiver of the repayment requirement, concluding that Woolley had to repay the benefits he received, as well as interest or penalties provided for in Idaho Code section 72-1369(2). Woolley filed a timely notice of appeal to this Court.

## III. ISSUES ON APPEAL

1. Whether Woolley provided sufficient argument and authority for appellate review.

2. Whether substantial and competent evidence supports the Commission's determination that Woolley was ineligible for benefits because he was a corporate officer.

3. Whether substantial and competent evidence supports the Commission's determination that Woolley willfully misstated or failed to report a material fact related to his status as a corporate officer.

## IV. STANDARD OF REVIEW

"When this Court reviews a decision from the Industrial Commission, we exercise free review over questions of law, but review questions of fact only to determine whether the Commission's findings are supported by substantial and competent evidence." *Current v. Wada Farms P'ship*, 162 Idaho 894, 898, 407 P.3d 208, 212 (2017) (quoting *Uhl v. Ballard Med. Products, Inc.*, 138 Idaho 653, 657, 67 P.3d 1265, 1269 (2003)). "Substantial evidence is more than a scintilla of proof, but less than a preponderance. It is relevant evidence that a reasonable mind might accept to support a conclusion." *Ehrlich v. DelRay Maughan, M.D., P.L.L.C.*, 165 Idaho 80, 83, 438 P.3d 777, 780 (2019) (quoting *Christy v. Grasmick Produce*, 162 Idaho 199, 201–02, 395 P.3d 819, 821–22 (2017)). "[T]his Court views all the facts and inferences in the light most favorable to the party who prevailed before the Industrial Commission." *Id*. (quoting *Bell v. Dep't of Labor*, 157 Idaho 744, 746–47, 339 P.3d 1148, 1150–51 (2014)). "Because the Commission is the fact finder, its conclusions on the credibility and weight of the evidence will not be disturbed on appeal unless they are clearly erroneous. This Court does not weigh the

3

evidence or consider whether it would have reached a different conclusion from the evidence presented." *Id.* (quoting *Christy*, 162 Idaho at 201, 395 P.3d at 821).

## V. ANALYSIS

**A.** **Woolley's appeal meets the requirements of Idaho Appellate Rule 35(a).**

IDOL argues that Woolley has failed to support his appeal with citations to the record or sufficient argument and legal authority. As such, IDOL asserts that Woolley's briefing fails to comply with Idaho Appellate Rule 35. Rule 35 sets forth the requirements for an appellant's brief. I.A.R. 35. Specifically, Rule 35 provides that "the argument shall contain the contentions of the appellant with respect to the issues presented on appeal, the reasons therefor, with citations to the authorities, statutes and parts of the transcript and record relied upon." I.A.R. 35(a)(6). We hold that Woolley's appellate brief is supported by sufficient argument and authority to meet the requirements set forth in Idaho Appellate Rule 35.

**B.** **We affirm the Commission's determination that Woolley is ineligible for benefits due to his status as a corporate officer because it is supported by substantial and competent evidence.**

Woolley argues that the State of Idaho does not provide sufficient information online or in the unemployment handbook to inform a person that a corporate officer cannot collect unemployment insurance. Claimants bear the burden of proving statutory eligibility for unemployment benefits. *Current*, 162 Idaho at 898, 407 P.3d at 212 (quoting *McNulty v. Sinclair Oil Corp.*, 152 Idaho 582, 585, 272 P.3d 554, 557 (2012)).

In 2011, the Idaho Legislature enacted a new statute which limits unemployment benefits for workers who also serve as corporate officers:

> (1) A corporate officer meeting the requirements of section 72-1312, Idaho Code, whose claim for benefits is based on any wages with a corporation in which the corporate officer or a family member of the corporate officer has an ownership interest shall be:
>
> > (a) Not "unemployed" and ineligible for benefits in any week during the corporate officer's term of office with the corporation, even if wages are not being paid.
> >
> > (b) "Unemployed" in any week the corporate officer is not employed by the corporation for a period of indefinite duration because of circumstances beyond the control of the corporate officer or a family member of the corporate officer with an ownership interest in the corporation, and the period of "unemployment" extends at least through the corporate officer's benefit year end date. If at any time during the benefit year the corporate

4

officer resumes or returns to work for the corporation, it shall be a rebuttable presumption that the corporate officer's unemployment was due to circumstances within the corporate officer's control or the control of a family member with an ownership interest in the corporation, and all benefits paid to the corporate officer during the benefit year shall be considered an overpayment for which the corporate officer shall be liable for repayment.

I.C. § 72-1312A(1)(a)–(b). The legislature enacted this statute due to an ongoing discrepancy between the amount of unemployment taxes paid by corporations and the higher amount of benefits paid out to corporate officers. Statement of Purpose, RS 19973, H.B. 80 (2011). The legislature recognized that "[s]ome of these corporate officers lay themselves off from work to obtain unemployment insurance benefits, while continuing to work without pay for their corporate employers." *Id*.

Based on Woolley's admission that he was a corporate officer of Bridge Street, and the fact that he received wages from Bridge Street, the Commission properly determined that section 72-1312A applied[1]. The plain language of section 72-1312A pertains to *any wages* earned from a corporation in which the corporate officer has an ownership interest and does not distinguish between how those wages were earned. The Commission's determination that Woolley was ineligible for benefits is supported by substantial and competent evidence.

## C. We reverse the Commission's determination that Woolley willfully misrepresented his status as a corporate officer.

Next, Woolley contends that he did not willfully lie, asserting that IDOL has failed to present the proper information to prevent a person from unknowingly making a false statement on weekly reporting. Under Idaho Code section 72-1366(12), a claimant is ineligible for unemployment benefits if it is determined that he or she willfully made a false statement or failed to report a material fact to IDOL. "[A] fact is material if it is relevant to the determination of a claimant's right to benefits; it need not actually affect the outcome of that determination." *Meyer v. Skyline Mobile Homes*, 99 Idaho 754, 760, 589 P.2d 89, 95 (1979). Whether Woolley received wages or performed services as a corporate officer is a material fact.

---

[1] The Commission went on to consider whether Woolley's unemployment satisfied the exception set forth in Idaho Code section 72-1312A(1)(b). Woolley does not appear to challenge this aspect of the Commission's decision, thus, we do not consider the exception on appeal.

The question before us is whether Woolley "willfully" misrepresented that material fact. This Court has defined willfulness as "a willingness to commit the act, '[i]t does not require any intent to violate the law.'" *Austin v. Bio Tech Nutrients*, 165 Idaho 248, 252, 443 P.3d 262, 266 (2019) (quoting *Current*, 162 Idaho at 899, 407 P.3d at 213). As a result, "willfully" is synonymous with "intentionally," "designedly," or "without lawful excuse," and therefore not accidental. *Id*. (quoting *Bell*, 157 Idaho at 747, 339 P.3d at 1151). However, we have also recognized that even when a claimant knowingly omits a material fact, it is not willful unless it was "knowing" in the sense that the claimant understood the necessity for reporting that particular fact. *Smith vs. Department of Employment*, 107 Idaho 625, 627–28, 691 P.2d 1240, 1242–43 (1984).

Once again, the question Woolley was asked when he applied for benefits was "Did you receive any wages or perform services as a Corporate Officer?" Woolley admits that he answered "no." However, the question asked does not enable a claimant to understand the necessity of reporting his status as a corporate officer. In fact, the question does not correctly reflect the law. Idaho Code section 72-1312A provides "[a] corporate officer . . . whose claim for benefits is based on any wages with a corporation in which the corporate officer . . . has an ownership interest shall be . . . ineligible for benefits in any week during the corporate officer's term of office with the corporation, even if wages are not being paid." The statute makes no mention of a claimant's performance of services as a corporate officer. To compound the confusion, IDOL provides no information in the unemployment handbook or on its website to explain why it is necessary for claimants to report their corporate officer status when filing a claim for benefits. To serve as the basis for a willful failure to report a material fact, the question to be answered by a claimant must be accurately grounded in the legal requirements of the statute.

Despite the fact that Wooley omitted a material fact, we hold that omission was not willful because the question Wooley was asked failed to distinguish between *being* a corporate officer and *performing services* as a corporate officer. As such, Wooley did not understand the necessity of reporting the omitted fact. *Smith*, 107 Idaho at 627–28, 691 P.2d at 1242–43. Thus, we reverse the portion of the Commission's decision that found Woolley willfully misrepresented a material fact.

## VI. CONCLUSION

We affirm the portion of the Commission's decision that found Woolley ineligible for benefits under Idaho Code section 72-1312A. We also affirm the portion of the Commission's

6

decision that found Woolley ineligible for a waiver of the repayment requirement because he did not challenge that aspect of the Commission's decision on appeal; thus, Woolley must repay the benefits he received, but to which he was not entitled. We reverse the portion of the Commission's decision that found Woolley willfully misrepresented his status as a corporate officer. As such, we reverse the Commission's imposition of a civil penalty under Idaho Code section 72-1369(2). We award no costs on appeal, given that neither Woolley nor the Respondents are the prevailing party under I.A.R. 40(a).

Chief Justice BURDICK, Justices BRODY, STEGNER and MOELLER, CONCUR.